# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                    NEWS RELEASE #036

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **29th day of June, 2016**, are as follows:

**BY JOHNSON, C.J.**:

2015-K -0484     STATE OF LOUISIANA v. ASHAKI OKUNG KELLY (Parish of Calcasieu)
                 (Molestation of a Juvenile)

                 AFFIRMED IN PART; REVERSED IN PART, AND AMENDED. REMANDED TO THE
                 DISTRICT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS
                 OPINION.

                 GUIDRY, J., concurs in part, dissents in part, and assigns
                 reasons.
                 CRICHTON, J., additionally concurs and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2015-K-0484

STATE OF LOUISIANA

VERSUS

ASHAKI OKUNG KELLY

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF CALCASIEU

**JOHNSON, CHIEF JUSTICE**

Following a bench trial, defendant, Ashaki Kelly, was convicted of molestation of a juvenile and sentenced to fifteen years at hard labor, without benefit of parole, probation, or suspension of sentence. We granted defendant's writ application to determine whether the evidence presented at trial was sufficient to support his conviction, and whether the court of appeal erroneously vacated defendant's sentence as illegally lenient on errors patent review. For the following reasons, we affirm that portion of the court of appeal's ruling which upheld defendant's conviction. However, we find the court of appeal failed to conduct a proper errors patent review and erred in vacating defendant's sentence.

**FACTS AND PROCEDURAL HISTORY**

On March 14, 2013, defendant was charged by a Calcasieu Parish grand jury by bill of indictment with three counts of aggravated rape of D.V., date of birth May 29, 2000, a juvenile under the age of thirteen, in violation of La. R.S. 14:42, and two counts of oral sexual battery of A.V., in violation of La. R.S. 14:43.3. D.V. and A.V. are sisters who were living with their mother and defendant, the mother's fiancé.[1] Defendant waived his right to a jury trial and his case proceeded to a bench trial on

---

[1] The victims are identified by initials pursuant to La. R.S. 46:1844(W)(1)(a), which protects the identity of minor victims of sex offenses.

May 21, 2013.

At trial, the state presented testimony from the investigating detective, videos of interviews of D.V. and A.V. conducted by the Children's Advocacy Center ("CAC"), testimony from the minors' mother and aunt, and testimony from both D.V. and A.V. The defense presented testimony from a registered nurse with the Sexual Assault Nurse Examiner ("SANE") program at Lake Charles Memorial Hospital, who conducted the physical examinations of A.V. and D.V.

Defendant was acquitted of all charges pertaining to A.V. Regarding D.V., the district court found defendant not guilty of two counts of aggravated rape and guilty of the lesser included offense of molestation of a juvenile with regard to the third aggravated rape count. At a sentencing hearing on October 2, 2013, the court sentenced defendant to fifteen years at hard labor, without benefit of parole, probation, or suspension of sentence, pursuant to La. R.S. 14:81.2(B)(2) relative to molestation of a victim between the ages of thirteen and seventeen. The state did not object on the record to the sentence, nor did the state appeal or seek review of the sentence under La. C.Cr. P. art. 881.2.[2]

Defendant appealed his conviction and the court of appeal affirmed, finding a sufficient basis in the record to support the conviction. However, on errors patent review, the court found defendant's sentence to be illegally lenient. *State v. Kelly*, 14-522 (La. App. 3 Cir. 12/10/14), 153 So. 3d 1257. The court noted where, as in this case, the victim is under thirteen, the mandatory sentence set forth by the legislature

---

[2] La. C.Cr. P. art. 881.2 (B) provides, in pertinent part: The state may appeal or seek review of a sentence:

(1) If the sentence imposed was not in conformity with:

(a) Mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence provision; ***
and
(2) If the state objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under this Article.

in La. R.S. 14:81.2(D)(1) for molestation of a juvenile is twenty-five years to ninety-nine years. Thus, the court of appeal vacated defendant's sentence and remanded the case to the trial court for resentencing pursuant to La. R.S. 14:81.2(D)(1). *Id*. at 1272. Judge Amy dissented in part, finding the alleged sentencing error identified by the majority was not discoverable in a proper errors patent review. *Id*. at 1273.

Defendant filed a writ application in this court arguing there was insufficient evidence to support his conviction, and the court of appeal erred in finding his sentence illegally lenient during its errors patent review. We granted defendant's writ application. *State v. Kelly*, 15-0484 (La. 2/19/16), 186 So. 3d 1177.

## DISCUSSION

### Sufficiency of the Evidence

In reviewing the sufficiency of the evidence to support a conviction, this court has recognized that an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed. 2d 126 (1979). *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, 928. Under this standard, an appellate court "must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *Tate*, 851 So. 2d at 928. In applying this standard, a reviewing court is not permitted to second guess the rational credibility determinations of the fact finder at trial, nor is a reviewing court required to consider the rationality of the thought processes employed by a particular fact finder in reaching a verdict. *State v. Marshall*, 04-3139 (La. 11/29/06), 943 So. 2d 362, 367. It is not the function of an appellate court to assess credibility or reweigh the evidence. *State v. Stowe*, 635 So. 2d 168, 171 (La. 1994).

3

The crime of molestation of a juvenile is defined in La. R.S. 14:81.2(A)(1):

Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

The testimony at trial sufficiently established that the incident occurred while D.V.'s mother was at work and D.V. was under defendant's supervision and control. D.V. testified at trial that defendant, who was engaged to D.V.'s mother and living in the same house, touched her "behind" with "his front stuff." This testimony was similar to what D.V. told the SANE nurse. During that examination, D.V. stated that defendant "tried to put his private stuff in my booty." However, these accounts conflicted with D.V.'s videotaped interview at the CAC, during which D.V. claimed that defendant anally and vaginally raped her. In its ruling, the district court first noted that it believed if D.V. had been raped there would have been some physical signs of penetration when she was examined by the SANE nurse two days after the reported incident. The court further questioned the language D.V. used during her recorded interview. It found that phrases such as "his private part" and "his wrong spot" were not phrases children normally used, which led the court to believe someone had spoken to D.V. before the interview. The district court concluded that due to D.V.'s inconsistent accounts in her CAC interview and trial testimony, and the lack of corroborating physical evidence from the SANE examination, there was insufficient evidence to convict defendant of aggravated rape. However, the court found D.V. did not completely fabricate the allegations. The court noted D.V. reported an incident to her mother two days before the SANE examination, as verified by D.V.'s mother. The court found the evidence established beyond a reasonable doubt that defendant

molested D.V. on November 24, 2012.

After review, we note the district court made clear in its ruling that it carefully considered the inconsistencies in D.V.'s statements when reaching its verdict. Despite the contradictions, the court was convinced that D.V. was molested on one occasion based on her timely report of the incident, corroborated by her mother's testimony. The district court was in the best position to evaluate the victim's credibility and we find no reason to disturb this finding. The evidence described above suffices, when viewed in the light most favorable to the prosecution under the standard of *Jackson v. Virginia*, to support the conviction. For these reasons, we find no merit in this assignment of error and thus affirm defendant's conviction.

**Errors Patent - Review of Sentence**

The statutory sentence range for molestation of a juvenile is dependent on the age of the victim. La. R.S. 14:81.2(B)(2) provides:

> Whoever commits the crime of molestation of a juvenile, **when the victim is thirteen years of age or older but has not yet attained the age of seventeen**, and when the offender has control or supervision over the juvenile, **shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than five nor more than twenty years, or both**." (Emphasis added).

La. R.S. 14:81.2(D)(1) provides:

> Whoever commits the crime of molestation of a juvenile **when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years**. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence." (Emphasis added).

In vacating defendant's sentence, the majority of the court of appeal noted the victim was under thirteen and La. R.S. 14:81.2(D)(1) provides a minimum sentence of twenty-five years. Thus, the majority found the fifteen-year sentence imposed by the district court illegally lenient.

Louisiana courts have long screened appeals for patent error. *See, e.g., State v.*

*Behan*, 20 La. Ann. 389 (1868). Currently, in accordance with La. C.Cr. P. art. 920, all appeals are routinely reviewed for errors patent on the face of the record. *See, e.g.*, *State v. Shaw*, 12-686 (La. App. 5 Cir. 1/16/13), 108 So. 3d 1189, 1197; *State v. Celestine*, 11-1403 (La. App. 3 Cir. 5/30/12), 91 So. 3d 573, 575; *State v. Bourda*, 10-1553 (La. App. 3 Cir. 6/8/11), 70 So. 3d 82, 83. La. C.Cr. P. art. 920 provides: "The following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) **An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence**." (Emphasis added). The substance of Article 920(2) was taken from former La. R.S. 15:503 which "defined an error 'patent on the face of the record.'" La. C.Cr. P. art. 920, 1966 Revision Comment (c) (as amended to conform to 1974 amendment). Former La. R.S. 15:503 provided: "An error is patent on the face of the record when it is discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence, though such evidence be in the record." In *State v. Oliveaux*, 312 So. 2d 337, 339 (La. 1975) this court explained the scope of review under La. C.Cr. P. art. 920(2):

> We have determined that the record in a criminal case includes the caption, the statement of time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the mentioning of the impanelling of the jury, the verdict, and the judgment, *State v. Palmer*, 251 La. 759, 206 So.2d 485 (1968), *State v. Sanford*, 248 La. 630, 181 So.2d 50 (1965); the bill of particulars filed in connection with a short form indictment or information, *State v. Picou*, 236 La. 421, 107 So.2d 691 (1959); and, in capital cases, a minute entry indicating that the jury had been sequestered as required by La.C.Cr.P. Art. 791, *State v. Hunter*, 306 So.2d 710 (La.1975), *State v. Luquette*, 275 So.2d 396 (La.1973).

We must determine whether the court of appeal went beyond the permissible scope of review under Article 920(2) to find defendant's sentence illegally lenient.

Because this was a bench trial, there is no verdict form and no separate judgment appears in the record. Over approximately ten pages of the trial record, the

district court explained its verdict in open court. In concluding the evidence was sufficient to convict defendant of molestation of a juvenile, the court stated:

> However, I do think it has been established beyond a reasonable doubt, to me, that the defendant is guilty of molestation of a juvenile, and I think that juvenile was D.[V]. Her date of birth is 5/29/2000.
>
> So, accordingly, in viewing the entire indictment, all the testimony, and based on what I consider to be the weight and the strength of the witness's testimony, -- and I'm not necessarily looking at the manner in which they testified, their nervousness of testifying, their fear of testifying -- I know they don't like the defendant and they've got reasons not to like him, and one of which is probably because he did, in fact, molest [D.V.].
>
> And so therefore I will find him guilty, because I think sufficient evidence supports beyond a reasonable doubt conviction only on this charge, molestation on the person of D.V. on [November] 24, 2012, within the bill of information, in Calcasieu Parish. She said it happened Saturday. She was staying on Winterhaler Street, and so I think all elements of that crime [were] proven. So I find him so guilty -- so find the defendant guilty of that charge. Molestation of the juvenile of D.V.

At a post-trial status conference on June 12, 2013, during which the court discussed a pending presentence investigation and possible habitual offender bill with the state and defense counsel, the court noted that, without a habitual offender adjudication, defendant was subject to a sentence between twenty-five and ninety-nine years. Later in the hearing, defense counsel stated, "I think the correct statement of law is that the sentence on the molestation with the victim under 13 is at least 25, but not more than 99." At the end of the hearing the court stated:

> [T]his case was a borderline case ... I'm not really inclined to give the 25 years if I can get around it. Okay. But I think he ought to have some substantial time. It would be really nice if y'all could work out a sentencing recommendation and just let me sentence the man to that and be done with it ... I think a fair sentence would be between 10 and 25 years, but not 25 years and not 10 years.

During a hearing on defendant's motion for new trial on October 13, 2013, defense counsel argued the district court may have "misapprehended the nature of the verdict that was returned" due to court's apparent surprise to learn afterwards it was constrained to a minimum sentence of twenty-five years. The court rejected the

argument for purposes of entitlement to a new trial, but appeared to agree it was

unaware of the sentencing range:

> But I was under the impression at the time -- I don't know why I thought it was a mandatory 25 years, but I was more caught up in the habitual - - I mean, the other violations he had, and that the State said they want to file an habitual offender complaint against him. And I was -- I didn't think -- I had problems with that for a number of reasons, but that's not the issue here.

> The issue here is whether or not the fact that I may not have appreciated that the mandatory sentence for 25 years for molestation whether or not I should grant a new trial. But after everything you said, that's the only thing that sticks in my thoughts as to whether or not I'm comfortable with the sentence.

> The bottom line is, I really was under the impression that I could have given him a lesser sentence at the time I found him guilty, but that doesn't take away from the fact that –
> ***

The court denied the motion for new trial and proceeded to sentence defendant:

> So the defendant is before the Court for sentencing and let the Court note that the record -- that the Court found the defendant guilty of molestation of a juvenile with a date of offense being November the 24th, 2012. That was the Court's finding. Okay?

> So I'm going to sentence him consistent with that finding. The Court did not make a finding that he was guilty of molestation of a juvenile of a person under the age 13. That was not a court finding.

> The Court was very specific in its finding. The Court finds the defendant guilty of molestation of a juvenile with an offense date occurring on [November the 24th, 2012].

> Now I go to the statute and look at molestation of a juvenile. 81.2. It says "Whoever commits the crime of molestation of a juvenile, when the victim is 13 years of age or older but has not yet attained the age of 17, shall be fined not more that $5,000 or imprisonment with or without hard labor for not less than five years nor more than ten years." If it's under the age of 13, of course, it's 25 to life.

> The Court did not make a finding that the victim was under the age of 13, that the victim -- come on up here, sir. Let's get your sentence. I'm going to do the sentencing right now.

> ***

> Okay. So the Court finds that the defendant, sir, you are guilty of molestation of a juvenile, and that the Court also will find -- did not make a finding under age 13 but certainly was under the age of 17. So

your sentence range is from 5 to 20 years. And the Court will sentence you therefore to 15 years Department of Corrections, without the benefit of parole, probation or suspension of sentence.

That's my sentence because I made a finding that the victim was under the age of 17, but I did not make a finding that the victim was under the age of 13. So between 13 and 17 is the range. And I'm going to make that sentence. I think it's within the statute.

Neither the state nor defendant objected to the sentence. Two days later, the district court confirmed in open court during a sex offender registry hearing that it sentenced defendant in accordance with La. R.S. 14:81.2(B)(2), and also signed defendant's "notification to sex offender" form, which included a notation that he had been convicted under La. R.S. 14:81.2(B)(2).

In finding a sentencing error, the majority of the court of appeal did not explicitly state where within the pleadings and proceedings it discovered the error patent. The court simply stated the victim's age could be determined based on a mere inspection of the pleadings and proceedings without inspection of the evidence pursuant to La. C.Cr. P. art. 920(2). The court of appeal essentially concluded because the indictment alleged D.V. to be under the age of thirteen, the district court was obligated to make such a finding relative to its verdict and sentence. The court of appeal stated: "The responsive verdict of molestation of a juvenile to the crime of aggravated rape of a child under thirteen requires the trial court to sentence Defendant to molestation of a juvenile under thirteen." *Kelly*, 153 So. 3d at 1271. Without further analysis, the court of appeal stated the victim was under the age of thirteen, and thus found the sentence imposed illegal because it was not in accordance with the mandatory minimum set forth by the legislature.

The state argues the court of appeal could readily determine from an examination of the bill of indictment containing D.V.'s age and the decision reached by the district court finding the defendant guilty of the molestation of D.V., that the defendant's sentence was illegally lenient. We disagree. After review, we conclude the

sentence imposed in this case, even if illegally lenient, does not constitute error discoverable from an inspection of the pleadings and proceedings under the jurisprudential construction of La. C.Cr. P. art. 920(2). The victim's age stated in the indictment is simply an allegation made by the state. It cannot be equated to a definitive finding by the district court relative to defendant's guilt. Additionally, as the state acknowledges, the evidence of D.V.'s age was provided through the testimony of D.V. and her mother. Examination of this evidence to find proof of D.V.'s age far exceeds the allowable scope of errors patent review. Moreover, although the indictment charged defendant with aggravated rape of a child under thirteen, the trial court did not find defendant guilty as charged in the indictment, but rather found defendant guilty of molestation of a juvenile, a permissible responsive verdict under La. C.Cr. P. art. 814(A)(8.1).[3] The guilty verdict of molestation of a juvenile is not dependent on the victim being under the age of thirteen. Although the district court stated D.V.'s date of birth during the extensive course of explaining its decision, it was not stated as a factual or legal finding for the purpose of applying a particular subsection of La. R.S. 14:81.2. The district court's statement of D.V.'s date of birth is not part of the verdict, which we hold is limited to the finding of guilt - molestation of a juvenile. To hold otherwise would allow for a significantly broader errors patent review of bench trials

---

[3] La. C.Cr. P. art. 814(A)(8.1) provides: The only responsive verdicts which may be rendered when the indictment charges the following offenses are:

8.1. Aggravated or first degree rape of a child under the age of thirteen:

Guilty.
Guilty of attempted aggravated or first degree rape.
Guilty of forcible or second degree rape.
Guilty of attempted forcible or second degree rape.
Guilty of simple or third degree rape.
Guilty of attempted simple or third degree rape.
Guilty of sexual battery.
**Guilty of molestation of a juvenile** or a person with a physical or mental disability.
Guilty of attempted molestation of a juvenile or a person with a physical or mental disability.
Guilty of indecent behavior with a juvenile.
Guilty of attempted indecent behavior with a juvenile.
Not guilty.

where the judge provides extensive reasons for judgment, than jury trials, where the reviewing court would be limited to review of the verdict form.

Referencing the transcript from the motion for new trial and sentencing hearing, the state also alleges the district court was obviously aware of the correct sentencing range, but because of the court's uneasiness about this case, it created a way to avoid imposing the twenty-five year minimum sentence. Nevertheless, we cannot consider the thought process of the district court in rendering the sentence. As Judge Amy correctly noted in dissent, "the alleged error … is [only] discoverable after an inquiry into the transcript, the evidence, and the trial court's evaluation of the facts developed. Such an inquiry … is beyond the type of review anticipated by Article 920(2)." *Kelly*, 153 So. 3d at 1273. In *State v. Wrestle, Inc.*, 360 So. 2d 831, 837 (La. 1978), *rev'd in part on other grounds*, *Burch v. State of Louisiana*, 441 U.S. 130 (1979), this court explained that "our jurisprudence does not permit inspection of the trial transcript to ascertain such error, but only of the pleadings and proceedings alone considered part of the record for purposes of patent-error appellate review in general, the indictment or information, the minutes, and the verdict and sentence." (Internal citations omitted).

There are two sentencing provisions applicable to the crime of molestation of a juvenile, depending on the age of the victim: La. R.S. 14:81.2(B)(2) and La. R.S. 14:81.2(D)(1). The sentence imposed by the district court is stated under La. R.S. 14:81.2(B)(2). Thus, the sentence imposed is a correct sentence in response to a guilty verdict for molestation of a juvenile. This is where errors patent review relative to the legality of the sentence must stop in this case. To reach its result, the court of appeal went beyond an examination of the face of the record, and expanded its review into the entire record, including the trial testimony, the trial court's extensive reasons for judgment, as well as numerous comments made by the trial court in post trial hearings in an effort to decipher and explain the court's sentence. Such actions are proscribed

11

by Article 920(2).

The state also suggests the court of appeal's decision was correct because La. C.Cr. P. art. 882 permits an appellate court to correct an illegal sentence at any time.[4] Article 882 specifically provides that the legality of a sentence can be reviewed on application of the defendant or the state. Here, neither party objected to the sentence imposed by the trial court, and the state did not appeal the sentence or otherwise raise the issue in the appellate court. Nonetheless, appellate review of an illegally lenient sentence is not necessarily barred even where the state fails to raise the issue. In *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790, 802, this court found that despite the state's failure to file a motion to reconsider or otherwise appeal an illegally lenient sentence, the court of appeal retains the authority to remand a case to the district court to correct sentencing errors absent any complaint by the state under the general provisions of La. C.Cr. P. art. 882. Formerly, appellate courts were prevented from turning a defendant's appeal against his interests by correcting sentencing errors favorable to the defendant when the state had not sought review of the sentence. *See State v. Fraser*, 484 So. 2d 122, 124-25 (La. 1986). *Fraser* had built upon *State v. Jackson*, 452 So. 2d 682 (La. 1984) and the rule developed in this state that when a defendant alone appealed and the record contained a patent error favorable to him, an appellate court should ignore it unless "the prosecution, having properly raised the issue in the trial court, has [also] sought appellate review." *Jackson*, 452 So. 2d at 684.

Although *Williams* represented a clear departure by this court from the

---

[4] La. C.Cr. P. art. 882 provides, in pertinent part:

A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.

B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:

(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.

12

prohibition against an appellate court taking steps to correct an illegally lenient sentence where there is no state objection to the sentence, the court of appeal's review of that issue is limited to review under Article 920(2) - errors patent review. *See State v. Campbell*, 03-3035 (La. 7/6/04), 877 So. 2d 112, 116. In this case, as discussed above, the appellate court could only conclude the sentence was illegally lenient by going beyond what is statutorily allowed in an errors patent review. *See State v. Parker*, 03-2736 (La. 2/20/04), 868 So. 2d 23 (wherein this court reinstated the defendant's sentence after it was vacated by the court of appeal, finding *State v. Williams* did not sanction the *sua sponte* correction made by the court of appeal on defendant's appeal of his conviction and sentence where the court of appeal relied on information beyond the scope of the record for purposes of errors patent review.) While a sentence which does not conform to the minimum terms set forth in a statute may normally be "discoverable by a mere inspection of the pleadings and proceedings and without the inspection of the evidence," based on the facts of this case, the court of appeal could only reach such a conclusion by going beyond the review allowed by La. C.Cr. P. art. 920(2). Thus, limited to an errors patent review, we find the court of appeal erred in finding defendant's sentence illegally lenient.

Because we find the court of appeal erred in vacating defendant's sentence, the district court's sentence must be reinstated. However, we note an error requiring amendment. As stated above, the district court specifically sentenced defendant under the provisions of La. R.S. 14:81.2(B)(2). The sentence imposed by the trial court provides that it be served without benefit of probation, parole, or suspension of sentence, but La. R.S. 14:81.2(B)(2) contains no such provision. Thus, that condition of the district court's sentence must be stricken to comport with the provisions of the sentencing statute.

**CONCLUSION**

13

For the above reasons, we affirm the ruling of the court of appeal finding the evidence sufficient to support defendant's conviction. However, we find the court of appeal exceeded the statutorily imposed scope of errors patent review in finding defendant's sentence to be illegally lenient. Thus, the ruling of the court of appeal vacating defendant's sentence is reversed. We remand this matter to the district court to reinstate defendant's sentence, as amended, to remove the provision that it be served without benefit of probation, parole, or suspension of sentence. On remand, the district court is ordered to correct the minutes and commitment and to transmit the corrected commitment to the Department of Corrections.

**DECREE**

**AFFIRMED IN PART; REVERSED IN PART, AND AMENDED. REMANDED TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**SUPREME COURT OF LOUISIANA**

**No. 2015-K-0484**

**STATE OF LOUISIANA**

**VERSUS**

**ASHAKI OKUNG KELLY**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF CALCASIEU**

**Guidry, J., concurs in part, dissents in part, and assigns reasons.**

While I concur in the finding that the evidence was sufficient to support the conviction of molestation of a juvenile, I dissent from the majority's holding that the court of appeal erred in exceeding its authority under an errors patent review and vacating the defendant's sentence as illegally lenient. In my view, because this was a bench trial in which the judge issued his verdict in a lengthy explanation on the record, the court of appeal properly found the victim's age at the time of the offense could be determined by a mere inspection of the pleadings and proceedings without resort to inspection of the evidence pursuant to La. Code Crim. Proc. art. 920(2).

Although the majority voices concern about inviting appellate courts to review for errors patent the reasons given by a trial judge in issuing its judgment, I disagree that such is the case in this criminal matter. The majority dismisses any discussion of what a verdict or a judgment might consist of in a bench trial to be reviewable for errors patent. As the majority notes, the scope of review under La. Code Crim. Proc. art. 920(2), includes the verdict and the judgment. Slip op., p. 6 (quoting *State v. Oliveaux*, 312 So.2d 337, 339 (La. 1975)). Because this was a bench trial, the trial judge's verdict was given on the record in open court.

1

Accordingly, in lieu of a jury's verdict being issued in a verdict form, the trial judge gave his verdict on the trial record in open court. In that verdict, the trial judge clearly found beyond a reasonable doubt that the defendant was guilty of molestation of a juvenile, that the victim's date of birth was May 29, 2000, and that the crime occurred on November 24, 2012. Thus, as the court of appeal reasoned, the defendant was found guilty of molestation of a juvenile under the age of thirteen years, which is punishable by a minimum sentence of twenty-five years at hard labor pursuant to La. Rev. Stat. 14:81.2(D)(1). Therefore, the sentence of fifteen years at hard labor, despite the judge's rationale offered at sentencing, is illegally lenient on the face of the record, and there is no need to resort to any inspection of the evidence introduced at trial to determine otherwise. For these reasons, I would affirm the judgment of the court of appeal.

## SUPREME COURT OF LOUISIANA

## NO. 2015-K-0484

## STATE OF LOUISIANA

## VERSUS

## ASHAKI OKUNG KELLY

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, THIRD CIRCUIT, PARISH OF CALCASIEU

**CRICHTON, J., additionally concurs and assigns reasons.**

I agree in all respects with the holding of this case, but write separately to note that the liberty interest at stake necessitates a strict application of criminal law, and this strict application mandates the majority's outcome.

For reasons known only to that office, the district attorney: (1) failed to contemporaneously object at time of sentencing; (2) failed to file a written motion for reconsideration pursuant to La. C.Cr.P. 881.1(A); and (3) failed to appeal or seek review of the sentence pursuant to La. C.Cr.P. art. 881.2.[1] After the court of appeal's split decision, and for the first time on record at the Louisiana Supreme Court, the district attorney argued for a minimum sentence of 25 years hard labor, explaining at oral argument that the prosecuting lawyer at the trial and intermediate appellate levels made an error and is no longer with the office.[2] The action taken by the assistant district attorney at trial is directly imputed to the district attorney and State of Louisiana. To suggest that that lawyer's severance from the district

---

[1] Though not part of the record, the State acknowledged this failure of the district attorney's office at oral argument before this Court:

> Justice Crichton: No contemporaneous objection, no motion for reconsideration of sentence under article 881.1, no discussion about it at the third circuit . . . right?

> State of Louisiana: Yes.

[2] Again, when pressed on this issue at oral argument before this Court, the State's answer is illustrative:

> State of Louisiana: Ok, where my office was, was with the prosecutor who no longer . . . no longer works with us and never alerted my section who was the section that handles this to this issue. The brief at the third circuit, also not pointing fingers, but I didn't draft it either. If it's not raised, we don't conduct our own patent error review, I'm sorry, we just don't. . . Do I wish that I had caught this sooner or that someone in my office had caught this sooner? Sure.

1

attorney's office somehow cures the issue, excuses the office, or even mitigates the legal dilemma demonstrates a profound misunderstanding of this tenet of our criminal law.

The failure of the State to lodge an objection at the trial court level or seek review at the intermediate appellate level renders the district attorney's position untenable. As such, it must be rejected. The rule of law and the integrity of the administration of justice deserve no less.