MOORE, J.
11Angelo L. Steward appeals his convictions and sentences on one count of attempted aggravated rape and one count of indecent behavior with juveniles. Finding a fatal defect in the aggravated rape prosecution, we vacate that conviction and sentence and remand for further proceedings. For the reasons expressed, we affirm the conviction and sentence for indecent behavior with juveniles, but remand for compliance with sex offender registration and notification requirements.

The Aggravated Rape Prosecution

The state charged Steward by bill of information with one count each of aggravated rape,[1] indecent behavior with juveniles and second degree sexual battery. The state later amended the bill to drop the charge of second degree sexual battery, and proceeded to trial before a 12-member jury. After deliberating 4 ½ hours, the jury returned a responsive verdict of guilty of attempted aggravated rape and guilty as charged of indecent behavior with juveniles.
By his first assignment of error, Steward urges the conviction for attempted aggravated rape should be reversed and vacated as the original charge, aggravated rape, was improperly instituted by bill of information rather than by indictment. The state concedes this error, but suggests that Steward’s failure to assert it prior to appeal should constitute a waiver.
The Louisiana Constitution guarantees that no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury. La. Const. Art. I, § 15. The Code of ^Criminal Procedure likewise provides that prosecution for an offense punishable by death or by life imprisonment shall be instituted by grand jury indictment. La. C. Cr. P. art. 382 A. Aggravated rape carried a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. La. R.S. 14:42D(1). Prosecution for aggravated rape, therefore, could be instituted only by grand jury indictment, not by bill of information. State v. Donahue, 355 So.2d 247 (La. 1978); State v. Ruple, 437 So.2d 873 (La. App. 2 Cir. 1983); State v. Underdonk, 2011-1598 (La.App. 1 Cir. 3/23/12), 92 So.3d 369, writ denied, 2012-0910 (La. 10/8/12), 98 So.3d 848. This is a fatal error which may not be waived by the defendant or cured by a responsive verdict of a lesser included offense which could have been charged by bill of information. State v. Stevenson, 334 So.2d 195 (La. 1976); State v. Ruple, supra; State v. Underdonk, supra.
*1177 Under the circumstances, this court is required to vacate the conviction and sentence for attempted aggravated rape. We remand the case to the district court for further proceedings.
Indecent Behavior with Juveniles— Factual Background
In 2013, 8-year-old SG was living with her mother, CG, and her stepfather, Chris Steward, in Natchitoches. In late July of that year, SG told her grandmother that Chris had touched her inappropriately. The grandmother reported this to Natchi-toches police; Sgt. Jessica Williams referred SG to Project Celebration, a child advocacy center in Many. The executive director, Mitzi Harris, arranged a videotaped forensic interview of SG on July 31, 2013. Ms. Harris testified at trial that the person who factually conducted the interview, a Ms. Goins, was a licensed forensic interviewer and that other protocols were observed.
During the interview, SG spontaneously reported that her stepfather’s brother, Angelo Steward, the defendant, had molested her earlier, when he was babysitting her in Coushatta, where the family previously lived. On the video, SG stated that Uncle Angelo “put his pee pee in my pee pee and my butt,” put his “pee pee in my mouth,” “white stuff came out,” “told me to lick it” and then to “go brush my teeth”; he then told her not to tell this to anybody or else he would go to jail. SG also stated that he showed her a cell phone picture of a girl who had “spit on a boy pee pee.” A CD of the interview was played for the jury and placed in evidence.
At trial, in October 2015, SG took the stand, corroborating her Project Celebration interview. She testified that her Uncle Angelo “put his private part in my private part,” “put his private part in my butt,” and “told me to suck his private part and white stuff came out,” all in the living room of the house in Coushatta, and with one or both of them in various stages of undress. She also testified that he showed her, on his phone, “a video of a girl sucking a boy private part.”
CG, the victim’s mother, testified that she and Chris had got married in 2007 and lived in Coushatta until 2012; while they lived there, Angelo Steward often stayed with them and would babysit SG when she and Chris were at work. This ended after her mother (SG’s grandmother) moved in with them, “before Christmas of 2010.”
The state charged Steward with indecent behavior with juveniles for showing SG the video depicting lewd and lascivious conduct “on or about December 12, 2012.” A court-ordered psychosocial report found Steward |4had major depressive disorder, cannabis dependence, specific learning disorder and borderline intelligence; a separate psychological evaluation confirmed these findings but recommended that Steward was competent to proceed to trial. As noted, the jury unanimously found him guilty of attempted aggravated rape and guilty as charged of indecent behavior with juveniles. He filed a motion for post verdict judgment of acquittal, which the district court denied. The court later sentenced him to concurrent terms of 30 years and 5 years at hard labor for the respective offenses. He filed a motion for reconsideration of sentence, which was also denied. He now appeals, raising four assignments of error with respect to the indecent behavior conviction.[2]

Discussion: Improper Joinder

By his second assignment of error, Steward urges his conviction for indecent *1178 behavior with juveniles should be reversed as the evidence of the aggravated rape so infected the otherwise properly charged yet jointly tried offense of indecent behavior with juveniles as to require reversal of the conviction. He contends that the two crimes did not arise out of the same transaction and the facts as to each would not have been admissible at separate trials of the other; thus, they should not have been joined for trial. He concludes that the evidence of the aggravated rape resulted in inherent prejudice on the charge of indecent behavior with juveniles.
Two or more offenses may be charged in the same indictment or bill of information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or|B are based on the same act or transactions connected together constituting parts of a common scheme or plan, provided that the offenses joined must be triable by the same mode of trial. La. C. Cr. P. art. 493. In determining whether joinder will be prejudicial, the court should consider whether (1) the jury will be confused by the various counts, (2) the jury will be able to segregate the various charges and evidence, (3) the defendant will be confounded in presenting his various defenses, (4) the crimes charged will be used by the jury to infer a criminal disposition, and (5) especially considering the nature of the charges, the charging of several crimes will make the jury hostile. State v. Deruise, 1998-0541 (La. 4/3/01), 802 So.2d 1224; State v. York, 48,230 (La.App. 2 Cir. 8/7/13), 121 So.3d 1226, writ denied, 2013-2154 (La. 3/21/14), 135 So.3d 617.
The objection of misjoinder of defendants or misjoinder of offenses may be urged only by a motion to quash the indictment or information. La. C. Cr. P. art. 495. Misjoinder is not considered a jurisdictional defect and does not constitute a denial of due process; thus, it may be waived by failure to assert the motion to quash. State v. Mallett, 357 So.2d 1105 (La. 1978); State v. Robinson, 11-12 (La.App. 5 Cir. 12/29/11), 87 So.3d 881, writ denied, 2012-0279 (La. 6/15/12), 90 So.3d 1059.
Steward filed no motion to quash the bill of information on grounds of mis-joinder; the objection is therefore waived. La. C. C. P. art. 495. Moreover, the record does not show he suffered undue prejudice because of the joinder; the offenses involved the same victim and were of a same or similar character. The prosecutor and the district court repeatedly stated during trial that the acts of vaginal, anal and oral sex related to aggravated rape, while the act of showing the victim a “dirty movie” related to indecent |fibehavior with juveniles. The evidence was not complex, and the responsive verdict to the rape charge shows the jury could differentiate the evidence. This assignment of error lacks merit.

Sufficiency of Evidence

By his fifth and sixth assignments of error, Steward urges the evidence at trial was not sufficient to support a conviction of indecent behavior with juveniles. He argues that not only did SG’s age and suggestibility make her testimony suspect, but the state offered no corroborating evidence, such as proof that he even owned a cell phone or that it had videos on it, or proof of his cell phone records. He contends that on her unsupported testimony, the evidence was insufficient.
The state counters that the testimony of one credible witness is sufficient to support the conviction.
The standard of review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any ra *1179 tional trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bryant, 2012-233 (La. 10/16/12), 101 So.3d 429. This standard, now legislatively embodied in La. C. Or. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 2014-0945 (La. 6/30/15), 172 So.3d 616; State v. Dotie, 43,819 (La.App. 2 Cir. 1/14/09), 1 So.3d 833, writ denied, 2009-0310 (La. 11/6/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Kelly, 2015-0484 (La. 6/29/16), 195 So.3d 449; State v. Taylor, 47,400 (La.App. 2 Cir. 7/18/12), 103 So.3d 405, writ denied, 2012-1898 (La. 3/8/13), 109 So.3d 355. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Robinson, 2002-1869 (La. 4/14/04), 874 So.2d 66, cert. denied, 543 U.S. 1023, 125 S.Ct. 658, 160 L.Ed.2d 499 (2004); State v. Freeman, 50,282 (La.App. 2 Cir. 4/13/16), 194 So.3d 1. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Reed, 2014-1980 (La. 9/7/16), 200 So.3d 291; State v. Kidd, 45,638 (La.App. 2 Cir. 11/3/10), 55 So.3d 90. Such testimony alone is sufficient even where the state does not introduce medical, scientific or physical evidence. State v. Joyner, 50,740 (La.App. 2 Cir. 6/22/16), 197 So.3d 724, and citations therein; State v. Johnson, 96-0950 (La.App. 4 Cir. 8/20/97), 706 So.2d 468, writ denied, 98-0617 (La. 7/2/98), 724 So.2d 203, cert. denied, 525 U.S. 1152, 119 S.Ct. 1054, 143 L.Ed.2d 60 (1999). This is equally applicable to the testimony of sexual assault victims. State v. Joyner, supra; State v. Seaton, 47,741 (La.App. 2 Cir. 4/10/13), 112 So.3d 1011, writ denied, 2013-1056 (La. 11/15/13), 125 So.3d 1102.
La. R.S. 14:81 A defines indecent behavior with juveniles, in pertinent part:
A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person: * * *
(2) The transmission, delivery or utterance of any textual, visual, written, or oral communication depicting lewd or lascivious conduct, text, words, or images to any person reasonably believed to be under the age of seventeen and reasonably believed to be at least two years younger than the offender. It shall not be a defense that the person who actually receives the transmission is not under the age of seventeen.
IsSG candidly testified that Steward showed her a video on his phone of a woman performing oral sex on a man; this echoed her statements in the Project Celebration interview. Also, she never said it was anyone other than Steward (“Uncle Angelo”) who did this. If believed by the trier of fact, this testimony was sufficient to prove the requisite fact. SG’s mother testified that Steward was babysitting her while the family lived in Coushatta, when no other adults were in the house; this corroborated the time, place and opportunity for the act. The mother also confirmed that the babysitting halted, when the grandmother moved in with them, in late 2010. At that time, SG was six years old; although no witness testified as to Steward’s .age, matters of record (the bill of information and the psychologists’ reports) show that he was born in 1988 and would have been 22 at the time of the offense, thus establishing the age difference.
Despite the absence of scientific evidence, the jury could reasonably-credit the victim’s testimony, corroborated by her fo *1180 rensic interview and the testimony of her mother. This evidence supports every element of the offense of indecent behavior with juveniles, beyond a reasonable doubt. These assignments of error lack merit.

Excessive Sentence

By his final assignment of error, Steward urges the court erred in imposing an unconstitutionally harsh and excessive sentence for indecent behavior with juveniles. He concedes that, the court complied with La. C. Cr. P. art. 894.1 with respect to the sentence for attempted aggravated rape, but argues that the court articulated no factual basis for the five-year sentence for indecent behavior with juveniles.
| ¡¡The state responds that on the facts presented, five years was not excessive for this offense and offender, and not disproportionate to sentences for similar offenses, such as State v. Albarado, 2003-2504 (La.App. 1 Cir. 6/25/04), 878 So.2d 849, writ denied, 2004-2231 (La. 1/28/05), 893 So.2d 70, and State v. Badeaux, 01-406 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, writ denied, 2001-2965 (La. 10/14/02), 827 So.2d 414, in which first-felony offenders received seven-year sentences.
Appellate review of sentences for exces-siveness, is a two-pronged analysis. First, the record must show the trial court took into consideration the aggravating and mitigating circumstances of La. C. Cr. P. art. 894.1, but recitation of the statutory factors is not required if the record as a whole reflects adequate consideration. State v. Lobato, 603 So.2d 739 (La. 1992); State v. Wynne, 47,625 (La.App. 2 Cir. 1/16/13), 108 So.3d 864. Second, a sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1; State v. Shoupe, 46,395 (La.App. 2 Cir. 6/22/11), 71 So.3d 508, writ denied, 2011-1634 (La. 1/13/12), 77 So.3d 950. A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So.2d 166; State v. Shoupe, supra.
The sentence range for indecent behavior with juveniles, when the victim is under the age of 13 and the offender is 17 or older, is not less than 2 nor more 'than 25 years at hard labor, including at least two years without benefit of parole, probation or' suspension of sentence. La. R.S. 14:81H(2).
ImAt the sentence hearing, the district court admitted the court-ordered psychosocial evaluation, psychologist’s report and the presentence investigation report. Although the court recited certain sentencing factors (deliberate cruelty to the victim, offender’s knowledge of the victim’s vulnerability, use of position or status to facilitate the offense) in support of the attempted aggravated rape sentence, it is clear from context that the court utilized these same factors in support of the indecent behavior with juveniles sentence. On this record, we find adequate compliance with Art. 894.1 and an adequate factual basis for sentence. Moreover, the lower-end sentence for this offense does not shock our sense of justice. This assignment of error lacks merit.

Errors Patent

Our review of the record pursuant to La. C. Cr. P. art. 920(2) reveals two sentencing errors. First, the district court imposed a sentence under R.S. 14:81H(2) without designating that at least two of the years were without benefits. The sentence is illegally lenient, but because the state has not objected, no action is necessary by this court. State v. Kelly, supra.
*1181 Second, the offense of conviction is defined as a sex offense, La. R.S, 15:541(24)(a), requiring sex offender registration and notification under La. R.S. 15:543. Nothing in the record, however, shows that Steward received this information. The matter is therefore remanded to the district court so the requisite notice can be provided to Steward and proof of notice can be placed in the record. State v. Wilson, 50,418 (La.App, 2 Cir. 4/6/16), 189 So.3d 513; State v. Scott, 42,997 (La.App. 2 Cir. 2/13/08), 975 So.2d 782.
| nConclusion
For the reasons expressed, the conviction and sentence for attempted aggravated rape is vacated and the case remanded to the district court for further proceedings. The conviction and sentence for indecent behavior with juveniles is affirmed, but the matter is remanded to the district court for compliance with La. R.S. 15:543.
VACATED IN PART AND REMANDED; AFFIRMED IN PART AND REMANDED.

. The offense of aggravated rape has since been renamed first degree rape, pursuant to 2015 La. Acts Nos. 184, 256 (eff. August 1, 2015), with no change in the elements of the offense or the penalty. La. R.S. 14:42.

. Four of his assignments address the aggravated rape conviction, which this court has vacated.