Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,869-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

TIMOTHY R. MORRISON               Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 391,652

Honorable Katherine Clark Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Peggy J. Sullivan

TIMOTHY R. MORRISON                  Pro Se

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

KENDRA S. JOSEPH
JASON W. WALTMAN
MARGARET RICHIE GASKINS
Assistant District Attorneys

* * * * *

Before HUNTER, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

Timothy Morrison appeals his conviction of aggravated battery and sentence of six years at hard labor, with a fine of $1,000, plus court costs. For the reasons expressed below, we affirm Morrison's conviction and sentence, but remand to the trial court for a financial hardship hearing in accordance with La. C. Cr. P. art. 875.1.

## FACTS

On July 28, 2022, Ms. Johnny Walker was sitting in her yard on Devaughn Street in Shreveport, Louisiana, with her daughter, Lisa Colquitt, several grandchildren, and her son-in-law, Richard Espinoza. Morrison, whom Walker, Colquitt, and Espinoza each knew as "the watermelon man," pulled up in his truck, hauling his produce trailer. Morrison exited his vehicle, spoke with Walker and Colquitt, then turned to greet Espinoza. When the two men spoke, they began arguing about an encounter they had a few days prior when Espinoza approached Morrison to buy a watermelon. In that encounter, Morrison believed Espinoza walked away after simply being asked how he could be helped, while Espinoza was adamant it was Morrison who walked away after refusing to sell him a watermelon. As the argument about what actually happened a few days before escalated, Morrison bent down, picked up a broken metal table leg lying in the yard, and swung it, hitting Espinoza in the head. When Espinoza fell to the ground, bleeding profusely from a head wound, Morrison dropped the table leg, walked to his truck, and left. Espinoza was transported to the hospital, where he received a number of staples and stitches to close his head wound.

Morrison was subsequently arrested and charged by bill of information with one count of aggravated second degree battery. The case proceeded to jury trial where Walker, Colquitt, and Espinoza each identified Morrison as the man who struck Espinoza with a metal table leg in Walker's yard. Walker testified she saw Morrison pick up the table leg and strike Espinoza in the head with it, causing Espinoza to fall to the ground bleeding profusely. Colquitt testified she did not witness the actual battery because she was looking down at her phone, but when she looked up, she saw Morrison drop the table leg and leave. Colquitt estimated the verbal altercation between Morrison and Espinoza lasted approximately 30 to 45 minutes before Morrison hit Espinoza. Colquitt was the only witness who estimated how long the argument lasted.

Espinoza testified that when Morrison began walking toward him and picked up the table leg, he stood and put his hands up in a defensive stance just prior to Morrison hitting him. Espinoza said he fell down after being hit by Morrison, paramedics treated his head wound, and he received staples and stitches at the hospital following his injury. On cross-examination, Espinoza acknowledged a prior felony conviction for domestic abuse battery with strangulation. Detective Hunter DeLoach with the Shreveport Police Department testified about his investigation, and the State introduced photographs of the yard, the metal table leg, and Espinoza's head wound.

The defense called several witnesses, with Morrison choosing to testify in his own defense. He stated he owned and operated Morrison's Quality Produce and sold his goods at various stands in Louisiana and Texas as well as out of a trailer attached to his truck. He previously served in the U.S. Army as a medic and was honorably discharged in 1982, then worked

2

with computers for many years.  Morrison began treating at the VA Hospital for prostate cancer in 2019, and said he was currently receiving medical treatment for an enlarged prostate requiring very strong medicine which negatively affected his appetite, caused liver damage, and generally made him feel weaker than normal.  Morrison admitted he picked up a metal table leg from Walker's yard and hit Espinoza with it, but claimed he did this in self-defense.  Morrison testified that because of his weakened physical condition, he was scared of Espinoza, who was much larger than him and unreasonably angry about their prior interaction.  He believed Espinoza meant to harm him when Espinoza approached in a threatening manner.  On cross-examination, Morrison admitted he had prior convictions in 2008 for possession of cocaine and illegal carrying of a weapon.

Tongon Price, Eddie Dean, Cindy McDole, Elizabeth Buchanan, and Kiya Thomas were called by the defense.  Each testified they worked regularly with Morrison and witnessed many of Morrison's business interactions, but never saw him engage in any argumentative or disrespectful behavior with his customers.  Dean did say he witnessed some sort of physical altercation between Morrison and Espinoza, but was unclear when and where that may have occurred.  Price and Thomas both testified they regularly saw Morrison give produce away for free to children in the neighborhoods where he did business.

Some of the testimony at trial was inconsistent.  For example, Walker insisted she did not remember discussing cigarettes with Morrison prior to his verbal altercation with Espinoza; Morrison and Espinoza said they did.  Also, Walker maintained Espinoza was seated when Morrison struck him

3

with the metal table leg, while Morrison and Espinoza both testified he was standing. Morrison testified Espinoza began walking toward him, requiring him to pick up the table leg and swing it, while Espinoza testified he stood up, but did not move from that spot when Morrison approached him with the metal table leg.

The six-person jury unanimously convicted Morrison of aggravated battery, a lesser and included offense of aggravated second degree battery.

## SENTENCING

Prior to sentencing, Morrison filed a motion requesting the court impose a minimum sentence, or suspension of sentence entirely, and probation, arguing this was supported by his employment, his service as a medic in the army, and the jury's verdict of a lesser included offense. At sentencing, the district court noted its obligation to consider the aggravating and mitigating factors set out in La. C. Cr. P. art. 894.1. The court found a term of imprisonment appropriate because Morrison's conduct during the commission of the offense manifested deliberate cruelty toward the victim, actual violence was utilized in the commission of the offense, the offense resulted in significant permanent injury and economic loss to the victim or his family, and a dangerous weapon was used in the commission of the offense. The district court found no mitigating factors as set out specifically in the statute but noted it deemed Morrison's apology sincere, and therefore considered it mitigating. The district court then sentenced Morrison to six years at hard labor, and also imposed a fine of $1,000, plus court costs, all to be paid through inmate banking. Morrison was advised his conviction is classified as a crime of violence.

4

Two motions to reconsider sentence were filed. The first, filed by counsel, argued the six-year sentence was unconstitutionally excessive. The second, *pro se*, argued the district court failed to consider Morrison's ownership and operation of his own business, his prostate cancer and current treatment for related issues, and the high likelihood he would benefit from probation based on his previously completed four-year probationary term. He then filed a *pro se* motion to nullify the trial court's ruling on counsel's motion to reconsider sentence as he had since terminated counsel. All three motions were denied.

## DISCUSSION

Morrison raises three assignments of error on appeal: the evidence presented by the State at trial was insufficient to prove he committed an aggravated battery, the six-year hard labor sentence imposed by the district court was unconstitutionally excessive and not tailored to his individual circumstances, and the district court erred in denying his motions for reconsideration of sentence.

### *Sufficiency of the evidence*

Morrison argues the evidence presented at trial was insufficient to support his conviction for aggravated battery, pointing specifically to inconsistencies in the testimony provided by Walker directly contradicting his own testimony and that of Espinoza. Morrison argues Walker's testimony should be considered wholly unreliable as proof of what occurred, and Colquitt's testimony should be disregarded because she did not see Morrison strike Espinoza. Morrison contends his own testimony proved he acted in self-defense and reasonably believed he was in danger of being

5

harmed by Espinoza, who had a history of violence as evidenced by his conviction for domestic abuse battery with strangulation. Morrison argues this same evidence cannot be sufficient to prove he committed an aggravated battery upon Espinoza because it shows his own actions were reasonable and in defense of his person. In turn, the State argues the evidence at trial, when viewed in a light most favorable to the prosecution, was more than sufficient to sustain Morrison's conviction for aggravated battery as all witnesses, including Morrison, testified he struck Espinoza with a metal table leg, which was clearly a dangerous weapon as evidenced by the injuries it caused.

The standard of appellate review for a sufficiency of the evidence claim in a criminal case is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004). The *Jackson* standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a means to substitute its own appreciation of the evidence for that of the fact finder. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517; *State v. Galloway*, 55,591 (La. App. 2 Cir. 4/10/24), 384 So. 3d 1167.

Where there is conflicting testimony concerning factual matters, the resolution of which depends on a determination of the credibility of the witnesses, the matter is of the weight of the evidence, not its sufficiency. *Tibbs v. Florida*, 457 U.S. 31, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982);

6

*State v. Galloway*, *supra*. The appellate court neither assesses the credibility of witnesses nor reweighs evidence. *State v. Kelly*, 15-0484 (La. 6/29/16), 195 So. 3d 449; *State v. Galloway*, *supra*. Rather, the reviewing court affords great deference to the jury's decision to accept or reject the testimony of a witness in whole or in part. *State v. Robinson*, 02-1869 (La. 4/14/04), 874 So. 2d 66, *cert. denied*, 543 U.S. 1023, 125 S. Ct. 658, 160 L. Ed. 2d 499 (2004); *State v. Galloway*, *supra*.

An aggravated battery is a battery committed with a dangerous weapon. La. R.S. 14:34(A). Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both. La. R.S. 14:34(B).

In order to prove Morrison committed an aggravated battery, the prosecution needed to establish that he used a dangerous weapon in the commission of a battery. By his own admission, Morrison picked up the metal table leg and struck Espinoza in the head, causing a wound that required staples and stitches. We find the evidence presented at trial was sufficient to allow a reasonable person to conclude that Morrison committed an aggravated battery upon Espinoza.

We next turn to Morrison's theory of self-defense. The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. La. R.S. 14:18. The use of force or violence upon the person of another is justifiable when committed for the purpose of preventing a forcible offense against the person provided that the force or violence used must be reasonable and apparently necessary to prevent such offense. La. R.S. 14:19(A)(1)(a).

7

The jurisprudence of this court is that, in a nonhomicide case, the burden of proof rests with the defendant to prove the defense by a preponderance of the evidence. *See*, *e.g.*, *State v. Williams*, 50,004 (La. App. 2 Cir. 9/30/15), 178 So. 3d 1051, *citing State v. Ford*, 42,928 (La. App. 2 Cir. 2/13/08), 976 So. 2d 321, *writ denied*, 08-0605 (La. 10/3/08), 992 So. 2d 1010. The Louisiana legislature recently enacted La. C. Cr. P. art. 390, effective August 1, 2024, which provides "where a defendant claims self-defense as a justification for his actions, the State must prove beyond a reasonable doubt the defendant did not act in self-defense." This apparently overrules our prior statement of the burden of proof in nonhomicide cases. The legislature did not, however, state whether the new law was to be applied retroactively; if so, this would raise the State's burden of proof against this defendant, Morrison. After consideration, we pretermit the issue of retroactivity at this time, as we find that on this record the claim of self-defense would fail under either standard.

The issue of self-defense requires a dual inquiry into whether the force used was reasonable under the circumstances, and a subjective inquiry into whether the force was apparently necessary. *State v. Satterfield*, 53,809 (La. App. 2 Cir. 3/3/21), 315 So. 3d 425; *State v. Barron*, 51,491 (La. App. 2 Cir. 8/9/17), 243 So. 3d 1178, *writ denied*, 17-1529 (La. 6/1/18), 243 So. 3d 1063; *State v. Williams*, *supra*.

Beyond his self-serving testimony, none of which detailed any actual attempt by Espinoza to harm him, there was no evidence his actions were reasonable or necessary. No other witnesses testified Espinoza threatened Morrison. Further, while there were some inconsequential inconsistencies in the testimony, they were too insubstantial to create reasonable doubt.

8

The testimony of Walker, Colquitt, and Espinoza refuted Morrison's claim of self-defense. This testimony, with the other evidence, was sufficient to support the jury's guilty verdict, under *Jackson v. Virginia*, *supra*. This assignment of error is without merit.

### *Excessive sentence/Motions to Reconsider*

Morrison argues his six-year hard labor sentence is unconstitutionally harsh and excessive. He argues the district court inappropriately accepted Espinoza's testimony as to his injuries, in lieu of certified medical records, and the court erred in considering facts as aggravating factors that are already essential elements of the underlying crime. He further claims the lack of a presentence investigation ("PSI") report prevented the district court from individually tailoring his sentence, leading the court to disregard his personal history, employment history, or criminal history. Morrison contends the district court also failed to consider any of the mitigating factors he asserted in his presentencing motion as well as in his motions for reconsideration of sentence. Morrison argues a sentence does not have to be a maximum or near-maximum sentence to be unconstitutionally excessive and that the district court was unduly harsh in sentencing him given his history.

The State responds that the sentence imposed is not unconstitutionally excessive given the seriousness of the crime, the location of the crime and the proximity to bystanders, the extent of Espinoza's injuries, and the apparent escalation in Morrison's criminal behavior from his previous nonviolent convictions. The State also points out the trial court was well-aware of Morrison's personal, employment, and criminal history, as Morrison himself provided these details at trial.

9

Appellate review of sentences for excessiveness is a two-pronged inquiry. *State v. Benavides*, 54,265 (La. App. 2 Cir. 3/9/22), 336 So. 3d 114. First, the record must show that the court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. *State v. Benavides*, *supra*. When the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article. *Id*. No sentencing factor is accorded greater weight by statute than any other factor. *Id*.

As to the first prong, the district court found all three factors listed in La. C. Cr. P. art. 894.1(A) applicable to Morrison's case, and explicitly applied several of the aggravating factors listed in La. C. Cr. P. art. 894.1(B). Morrison's conduct manifested deliberate cruelty to the victim, actual violence was used in the commission of the offense, significant permanent injury and financial loss were incurred by the victim, and a dangerous weapon was used to commit the offense. As to mitigating factors, the court found none but deemed Morrison's apology to Espinoza sincere and mitigating. The district court then imposed a midrange sentence of six years' imprisonment. It is apparent from the record the district court adequately complied with La. C. Cr. P. art. 894.1.

The second prong is unconstitutional excessiveness. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering. *State v. Benavides*, *supra*. A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or

10

makes no reasonable contribution to acceptable penal goals. *Id.* The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. *Id.* The issue is not whether some other sentence might have been more appropriate, but whether the district court abused its discretion. *Id.*

On review, we find no abuse of the district court's sentencing discretion and no violation of La. Const. art. 1, § 20. The six-year sentence is only midrange, clearly giving weight to Morrison's individual circumstances. Certainly, a six-year sentence does not shock the sense of justice when considering the facts of this case and Morrison's criminal history. Morrison struck Espinoza in the head with a metal table leg, causing a substantial head wound requiring medical treatment in the form of staples and stitches. Espinoza described how his injuries have continued to interfere with his ability to maintain employment and that his hearing was permanently and substantially impaired. We find adequate support in the record for the sentence imposed by the district court, and we find the sentence imposed to be constitutional.

Similarly, we find no abuse of the trial court's discretion in denying Morrison's motions to reconsider sentence. Though Morrison argued the trial court failed to provide him with a sentence particularized to his individual circumstances by not ordering a PSI, the trial court was aware of Morrison's history as he described it in detail at trial. Morrison's motions to reconsider failed to contain any information previously unknown to the trial court at sentencing and were properly denied.

11

These assignments of error concerning Morrison's sentence are without merit.

### *Error Patent*

A review of the record indicates there is an error patent regarding the trial court's imposition of a $1,000 fine and court costs. La. R.S. 14:34 authorizes the imposition of a fine of not more than $5,000 upon conviction of the crime of aggravated battery. The trial court imposed a $1,000 fine on Morrison, plus court costs, but the record contains no indication that a determination of financial hardship was made as required by La. C. Cr. P. art. 875.1.

The purpose of imposing financial obligations on an offender who is convicted of a criminal offense is to hold the offender accountable for his actions, to compensate victims for any actual pecuniary loss or costs incurred in connection with a criminal prosecution, to defray the cost of court operations, and to provide services to offenders and victims. La. C. Cr. P. art. 875.1(A). These financial obligations should not create a barrier to the offender's successful rehabilitation and reentry into society. *Id*. Financial obligations in excess of what an offender can reasonably pay undermine the primary purpose of the justice system, which is to deter criminal behavior and encourage compliance with the law. *Id*.

La. C. Cr. P. art. 875.1(C)(1) provides that the court shall conduct a hearing to determine whether payment in full of the aggregate amount of all the financial obligations to be imposed upon the defendant would cause substantial financial hardship to the defendant or his dependents. However, the defendant or the court may waive the judicial determination of a

substantial financial hardship required by the article. La. C. Cr. P. art. 875.1(C)(2).

La. C. Cr. P. art. 875.1 became effective on August 1, 2022, and, although Morrison's offense occurred before then, it is a procedural statute that applies to all actions subsequent to its effective date. *State v. Adams*, 55,696 (La. App. 2 Cir. 5/22/24), 387 So. 3d 914; *State v. Smith*, 53,827 (La. App. 2 Cir. 3/3/21), 315 So. 3d 407. As there is no evidence in the record that Morrison or the district court waived the determination of financial hardship, we must vacate the $1,000 fine, plus court costs, and remand the matter to the district court for the required hearing.

## CONCLUSION

For the reasons expressed, we affirm Timothy Morrison's aggravated battery conviction and the six-year hard labor sentence, but vacate the $1,000 fine, plus court costs, and remand with instructions to conduct a financial hardship hearing pursuant to La. C. Cr. P. art. 875.1.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**