835 So.2d 709 (2002)
Emmett SPOONER I
v.
EAST BATON ROUGE PARISH SHERIFF DEPARTMENT, Deputy D. Pennington and Warden Joseph Sabella.
No. 2001 CA 2663.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
*710 J. Courtney Wilson, New Orleans, Counsel for Plaintiff/Appellant Emmett Spooner.
Megan Coogan Foco, Baton Rouge, Counsel for Defendants/Appellees Sheriff Elmer B. Litchfield, Warden Sabella and Dy. Dennis Pennington.
Before: KUHN, DOWNING and GAIDRY, JJ.
GAIDRY, J.
In this case, plaintiff, Emmett Spooner I, appeals the July 10, 2001 judgment of the 19th Judicial District Court dismissing his suit with prejudice for failure to exhaust administrative remedies. For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Emmett Spooner I, a prisoner in the East Baton Rouge Parish Prison, filed suit against the East Baton Rouge Parish Sheriff's Department, Deputy D. Pennington, and Warden Joseph Sabella for damages resulting from an alleged assault and battery committed by Deputy Pennington. The defendants filed an exception of failure to exhaust the administrative remedies of the Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1171-1179, which was granted. The trial court then dismissed plaintiff's suit with prejudice.
Plaintiff asserts on appeal that under the recent Louisiana Supreme Court decision in Pope v. State of Louisiana, 99-2559 (La.6/29/01), 792 So.2d 713, the CARP is unconstitutional as applied to tort suits, and thus the district court erred in dismissing his suit under an unconstitutional statute.

*711 DISCUSSION
Initially, we note that the plaintiff did not assert the unconstitutionality of LSA-R.S. 15:1171-1179 at the trial court level.[1] While the general rule is that a litigant cannot raise the unconstitutionality of a statute or ordinance unless its unconstitutionality is specially pleaded and the grounds particularized, several exceptions to this rule have been recognized, including situations where a statute attempts to limit the constitutional power of the courts to review cases, or where the statute has been declared unconstitutional in another case, or where the statute applicable to a specific case becomes effective after the appeal is lodged in the higher court. Summerell v. Phillips, 258 La. 587, 247 So.2d 542, 599 (1971). Since the statute at issue in this case has since been declared unconstitutional in another case, the plaintiff may raise the unconstitutionality of the statute for the first time on appeal.
In Pope, the Louisiana Supreme Court declared the CARP, LSA-R.S. 15:1171-1179, to be unconstitutional to the extent it allowed the Department of Corrections to exercise original jurisdiction in tort actions. Pope, 99-2559 at p. 13, 792 So.2d at 721. Pope involved a former inmate who brought a personal injury action against the Department of Corrections in district court, alleging he was seriously injured while incarcerated. Although the inmate had not first submitted his claim to the warden as required by the administrative remedy procedure adopted by the Department of Corrections under the CARP, he claimed the procedure was unconstitutional as applied to his personal injury action because it divested the district courts of original jurisdiction over a civil matter. On review, the Louisiana Supreme Court found that "the DOC officials in the administrative remedy procedure adopted pursuant to LSA-R.S. 15:1711[sic], who take cognizance of a tort claim by an offender at the inception of the action, try the claim, and pass judgment on the law and the facts of the action, clearly are exercising original jurisdiction, to the exclusion of the district courts." Pope, 99-2559 at p. 9, 792 So.2d at 718. Furthermore, the court found that the judicial review provisions contained in LSA-R.S. 15:1177[2] prevent the district courts from exercising the original jurisdiction functions of finding facts in the first instance and then applying the law to the facts. Pope, 99-2559 at p. 10, 792 So.2d at 719. The court held that the CARP violated article V, § 16(A) of the Louisiana Constitution, which provides that "a district court shall have original jurisdiction of all civil and criminal matters," by allowing the Department of Corrections to exercise original jurisdiction in tort actions. Pope, 99-2559 at p. 11, 792 So.2d at 719.
In this appeal, the plaintiff claims that under Pope, the CARP procedure adopted by the East Baton Rouge Parish Prison is not the proper vehicle for bringing his tort suit, and therefore his suit should not have been dismissed for failure to follow the procedure.
The defendants respond that this case is distinguishable from Pope because the administrative remedy procedures adopted *712 by sheriffs under the CARP do not divest the district courts of original jurisdiction in tort suits as the Department of Corrections' procedures do, and thus do not violate article V, § 16(A) of the Louisiana Constitution.[3] The basis of this assertion is the defendants' belief that the administrative remedy procedures that may be adopted by sheriffs under § 1171 are different from those that may be adopted by the Department of Corrections under the statute. LSA-R.S. 15:1171 provides, in pertinent part:

A. The Department of Public Safety and Corrections and each sheriff may adopt an administrative remedy procedure at each of their adult and juvenile institutions, including private prison facilities.

B. The department or sheriff may also adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against ... the department or any officials or employees thereof ... or a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the department... or a sheriff. Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes. (Footnote omitted)
The defendants assert that under § 1171, two types of procedures are authorized: § 1171(A) procedures, which are adopted in accordance with the Civil Rights of Institutionalized Persons Act, 42 USC 1997e, and § 1171(B) procedures, which are adopted in accordance with the Administrative Procedure Act. It is the defendants' contention that a sheriff may not adopt § 1171(B) procedures, and further that only § 1171(B) procedures divest the district court of its original jurisdiction, therefore a sheriff's administrative remedy procedure adopted under the CARP would not be unconstitutional.
The defendants' assertion that a sheriff may not adopt § 1171(B) administrative remedy procedures is clearly contrary to the language of the statute; § 1171(B) provides that the Department of Corrections or a sheriff may adopt administrative remedy procedures in accordance with the Administrative Procedure Act.
Defendants base their contention that only § 1171(B) procedures divest the district court of original jurisdiction on their interpretation of the judicial review provisions of LSA-R.S. 15:1177 as applying only to the Department of Corrections' administrative decisions. LSA-R.S. 15:1177 provides, in pertinent part:
A. Any offender who is aggrieved by an adverse decision by the Department of Corrections or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedure under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if *713 the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located, in the manner hereinafter provided.[4]
The defendants aver that there is no provision for judicial review of a decision under a sheriff's administrative remedy procedure because the statute provides only for review of "an adverse decision by the Department of Public Safety and Corrections or a contractor operating a private prison facility." LSA-R.S. 15:1177(A). The defendants argue that while § 1177 does mention inmates in the custody of the sheriff, it does not provide for judicial review of sheriffs' procedures; it only provides the venue for judicial review of the Department of Correction's decisions regarding inmates housed in a parish prison. The defendants provide no support for this interpretation, which if carried to its logical conclusion seems to imply that some inmates housed in parish prisons are governed by the Department of Corrections' administrative remedy procedure and others in the same facility are governed by the Parish Prison's procedure. We believe that the statute, while clumsily phrased, does provide for judicial review of an adverse decision "rendered pursuant to any administrative remedy procedure under [the CARP]," including procedures adopted by sheriffs. LSA-R.S. 15:1177(A) (emphasis added).

CONCLUSION
Since we find that the East Baton Rouge Parish Prison's administrative remedy procedure is not distinguishable from the procedure at issue in Pope, the procedure is unconstitutional as applied to tort suits, and it was error for the district court to dismiss plaintiff's suit for failure to follow the unconstitutional procedure. Accordingly, the July 10, 2001 judgment is reversed and the case is remanded to the district court in its original jurisdiction. Assessment of costs of this appeal shall await final determination of the merits.
REVERSED AND REMANDED.
KUHN, J., concurs with reasons.
KUHN, Judge, concurring with additional reasons.
Pope v. State of Louisiana, 99-2559 (La.6/29/01), 792 So.2d 713, should not be interpreted to provide a basis for a tort suit each time a prisoner complains about being lawfully restrained by a deputy. Upon remand of this matter, the trial court should determine whether Spooner's allegations regarding the attack by Deputy Pennington are frivolous. Effective use of the judicial screening process set forth in La. R.S. 15:1188 can ensure that our trial courts will not be unnecessarily burdened with claims that should still be resolved under the Corrections Administrative Remedy Procedure, La. R.S. 15:1171 et seq.
NOTES
[1] The defendant did not object to the unconstitutionality of the statute being raised for the first time on appeal; however, we will address the issue sua sponte.
[2] LSA-R.S. 15:1177 provides for judicial review by the district courts of administrative decisions. This judicial review is confined to oral argument based upon the record of the administrative proceeding, although the district court may order that additional evidence be taken. Furthermore, the district court may reverse or modify the decision only for the limited reasons provided by the statute.
[3] The Pope court did recognize that the Legislature could enact screening procedures for prisoner tort suits so long as the administrative agency did not exercise original jurisdiction. Pope, 99-2559 at p. 12, 792 So.2d at 720. Such screening procedures are not at issue here.
[4] Subsequent to the Pope decision, the Legislature amended LSA-R.S. 15:1177(A) to exclude from judicial review decisions relative to delictual actions for injury or damages. See Acts 2002, 1st Ex.Sess., No. 89, § 2, eff. April 18, 2002.