STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 1580

STATE OF LOUISIANA

VERSUS

DAVID ALLEN HAMMOND, JR.

*Judgment Rendered:* ___AUG 0 3 2020___

********

Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 584017

The Honorable William J. Knight, Judge Presiding

********

| | |
|---|---|
| Warren L. Montgomery<br>District Attorney<br>J. Bryant Clark, Jr.<br>Assistant District Attorney<br>Covington, Louisiana | Counsel for Appellee<br>State of Louisiana |
| Sherry Watters<br>New Orleans, Louisiana | Counsel for Defendant/Appellant<br>David Allen Hammond, Jr. |

********

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**LANIER, J.**

The defendant, David Allen Hammond, Jr., was charged by bill of information with aggravated crime against nature (count 1), a violation of La. R.S. 14:89.1; sexual battery (victim under the age of thirteen years) (count 2), a violation of La. R.S. 14:43.1; production of pornography involving juveniles (victim under the age of thirteen years) (counts 3 through 11), violations of La. R.S. 14:81.1(E)(5); production of pornography involving juveniles (counts 12 through 21), violations of La. R.S. 14:81.1(E)(4); distribution/possession with intent to distribute pornography involving juveniles (count 22), a violation of La. R.S. 14:81.1(E)(2); possession of pornography involving juveniles (victim under the age of thirteen years) (counts 23 through 27), violations of La. R.S. 14:81.1(A) and (E)(5); and obstruction of justice (count 28), a violation of La. R.S. 14:130.1. The defendant pled not guilty to the charges and, following a jury trial, was found guilty as charged on counts 1, 2, and 12 through 28. On counts 3 through 11, he was found guilty of the responsive offense of production of pornography involving juveniles, a violation La. R.S. 14:81.1(E)(4).

For the aggravated crime against nature conviction (count 1), the defendant was sentenced to twenty years imprisonment at hard labor. For the sexual battery (victim under the age of thirteen years) conviction (count 2), the defendant was sentenced to seventy-five years imprisonment at hard labor, with the first twenty-five years of the sentence to be served without the benefit of parole, probation, or suspension of sentence. The count 2 sentence was ordered to run consecutively to the count 1 sentence. For each of the production of pornography involving juveniles convictions (counts 3 through 21), the defendant was sentenced to ten years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The sentences on counts 3 through 21 were ordered to run concurrently with one another, but consecutive to the sentences on counts 1 and 2.

2

For the distribution/possession with intent to distribute pornography involving juveniles conviction (count 22), the defendant was sentenced to ten years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The count 22 sentence was ordered to run consecutively to the sentences on counts 1 and 3 through 21. For each of the possession of pornography involving juveniles (victim under the age of thirteen years) convictions (counts 23 through 27), the defendant was sentenced to ten years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The sentences on counts 23 through 27 were ordered to run concurrently with one another, but consecutive to the sentences on counts 1 through 22. For the obstruction of justice conviction (count 28), the defendant was sentenced to five years imprisonment at hard labor. The count 28 sentence was ordered to run consecutively to the sentences on counts 1 through 27.

The defendant filed a motion to reconsider sentence, which was denied. The defendant now appeals, designating three assignments of error. We affirm the convictions and sentences for counts 11, 12, 21, and 28. For all other counts (counts 1 through 10, counts 13 through 20, and counts 22 through 27), those convictions and sentences are set aside and we remand to the trial court for a new trial.

## FACTS

E.C.[1] lived with her mother, Melissa, and her stepfather, the defendant, in a trailer in Pearl River, St. Tammany Parish. From 2011 to 2016, the defendant sexually abused E.C., beginning when she was nine years old until she was thirteen years old. Shortly after her fourteenth birthday, E.C. ran away from home and stayed in an abandoned trailer not far from where she lived. The police were called and, on December 9, 2016, Detective Adam Maillho, with the St. Tammany

---

[1]    The victim is referred to by her initials. See La. R.S. 46:1844(W).

3

Parish Sheriff's Department, found E.C. in the trailer. E.C. told the detective what the defendant had been doing to her.

Detective Maillho brought E.C., Melissa, and the defendant to the police station to interview them. The defendant was arrested and all of his computers, laptops, hard drives, cell phones, memory cards, and cameras were seized from the trailer. These items were forensically examined and, in total, about six thousand images of suspected child pornography, and seventeen videos of suspected child pornography were found. Many of the images were of E.C., alone or with the defendant, and in various states of dress and nudity.

JoBeth Rickels at the Children's Advocacy Center (CAC) interviewed E.C. The interview was played for the jury. At trial, E.C. testified that when she was nine years old, the defendant had her touch his genitals. When E.C. was eleven or twelve years old, the defendant became interested in photography. According to E.C., the defendant began photographing her in lingerie; it progressed to her being photographed nude, and then to physical contact. E.C. indicated that the lingerie shoots were daily. E.C. further testified that the defendant would show her the pictures he had taken of her and had posted on Flickr, a photo-sharing site. She stated that a couple of times, the defendant privately messaged some people who followed him on Flickr and would "send them stuff." E.C. recalled a time when she was dressed in white lingerie, and the defendant shared this in a live video call, via Skype, with a firefighter in Canada. The various photographs and videos that corresponded with each of the charges was played for the jury, and E.C. identified herself in all of these images and videos. E.C. further testified that the defendant had performed oral sex on her.

In her CAC interview, E.C. indicated the defendant took pictures of her and him engaging in simulated sex. E.C. explained that the defendant would pose her as if they were having sex. For example, the defendant would put his penis or his

4

mouth on her vagina. They took these pictures in the living room, the defendant's bedroom, and in the woods. E.C. stated she stroked the defendant's penis three or four different times. E.C. revealed that her mother knew about the "modeling" pictures, but not the simulated sex pictures.

The defendant did not testify at trial.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the defendant argues the trial court erred in declaring a legal verdict where the polling results were not recorded in the record. The defendant avers that non-unanimous jury verdicts cannot support the convictions.

The written polling sheets, which were sealed and made part of the appellate record, indicate unanimous verdicts on counts 11, 12, 21, and 28. The verdicts on all other counts were 11 to 1. The defendant argues that a unanimous verdict is required under the Sixth Amendment and that, as such, a non-unanimous verdict violates due process. Specifically, the defendant contends that La. Code Crim. P. art. 782(A) and La. Const. art. I, § 17(A) violate the Fourteenth Amendment's Equal Protection Clause of the United States Constitution.

In the recent decision of **Ramos v. Louisiana**, 590 U.S. __, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court overruled **Apodaca v. Oregon**,[2] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling

---

[2] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.

applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal.[3] **Ramos**, 140 S.Ct. at 1406.

Accordingly, the defendant's convictions and sentences are set aside for counts 1 through 10, counts 13 through 20, and counts 22 through 27. For these aforementioned counts only, this matter is remanded to the trial court for a new trial.

## ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, the defendant argues the trial court erred in admitting into evidence recorded phone calls made by the defendant while he was in jail.

On count 28, the defendant was charged with obstruction of justice, specifically with tampering with evidence after he was arrested and jailed. At trial, the State sought to introduce into evidence two recorded phone calls the defendant had made while in jail. In these calls, the defendant talked to his wife and his sister

---

[3]    Following this court's decision in **State v. Crehan**, 2018-0746 (La. App. 1 Cir. 11/5/18), 2018 WL 5785479 at *9, (unpublished), writ denied, 2018-2024 (La. 4/15/19), 267 So.3d 1124, wherein it was noted that the defendant had made "a pro forma challenge to the constitutionality of his non-unanimous guilty verdict," the United States Supreme Court granted the defendant's petition for writ of certiorari, remanding the case for further consideration in light of **Ramos**. **Crehan v. Louisiana**, ___ U.S. ___, ___ S.Ct. ___, 206 L.Ed.2d 850 (2020). Justice Alito concurred in the judgment with the understanding that, in cases in which the United States Supreme Court grants, vacates, and remands in light of **Ramos**, "the Court is not deciding or expressing a view on whether the question was properly raised below but is instead leaving that question to be decided on remand." *Id.*

We note the general rule is that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the trial court below. **State v. Hatton**, 2007-2377 (La. 7/1/08), 985 So.2d 709, 718. In the instant case, the defendant failed to follow the proper procedure for preserving his challenge to the non-unanimous verdict. However, "[w]hile the general rule is that a litigant cannot raise the unconstitutionality of a statute or ordinance unless its unconstitutionality is specially pleaded and the grounds particularized, several exceptions to this rule have been recognized, including ... where the statute has been declared unconstitutional in another case." **Spooner v. East Baton Rouge Parish Sheriff Dept.**, 2001-2663 (La. App. 1 Cir. 11/8/02), 835 So.2d 709, 711; see also **Unwired Telecom Corp. v. Parish of Calcasieu**, 2003-0732 (La. 1/19/05), 903 So.2d 392, 399 n.5 (on rehearing); **State v. Smith**, 2009-100 (La. App. 5 Cir. 8/25/09), 20 So.3d 501, 505, writ denied, 2009-2102 (La. 4/5/10), 31 So.3d 357. Thus, based on this exception and in light of the holding in **Ramos**, we find it proper to consider the defendant's assigned error.

about hiding his computer hard drive from the detectives. The State's witness, Eugene Nastasi, a sergeant with the St. Tammany Parish Sheriff's Office, testified that he was the custodian of records at the parish jail. Sergeant Nastasi explained that inmates have their own personal four-digit pin numbers that are used to make calls from jail. According to Sergeant Nastasi, inmates can swap pin numbers with each other to avoid being monitored on a call. The two recorded jail calls Sergeant Nastasi was asked to provide to the State were made on April 19, 2017, and April 21, 2017. Sergeant Nastasi indicated that the pin number corresponding to these calls belonged to an inmate named Alvin Dutruch. The defendant objected to the recorded calls being played on the grounds the State had not "laid the proper predicate in terms of identifying who purportedly is on this disc." The State responded that, having been introduced through the custodian of records for the jail, the calls were excepted from the hearsay rule. Further, according to the State, the identity of the individual on the call was a fact determination for the jury to make. The trial court overruled the objection, and both calls were played.

The defendant argues in brief that the trial court erred in allowing the recorded jail calls into evidence because the State failed to prove the requirements necessary for the business records exception. Further, according to the defendant, the State failed to lay the proper foundation to authenticate the records as relevant to or connected to him.

We note initially that the defendant did not lodge any objection at trial regarding the business records exception to hearsay. Thus, this argument constitutes a new ground for objection and cannot be raised for the first time on appeal. See La. Code Crim. P. art. 841; La. Code Evid. art. 103(A)(1); **State v. Lockhart**, 629 So.2d 1195, 1205 (La. App. 1 Cir. 1993), writ denied, 94-0050 (La. 4/7/94), 635 So.2d 1132. The basis or ground for the objection must be sufficiently brought to the attention of the trial court to allow it the opportunity to

7

make the proper ruling and prevent or cure any error. A defendant is limited on appeal to the grounds for the objection articulated at trial. **State v. Young**, 99-1264 (La. App. 1 Cir. 3/31/00), 764 So.2d 998, 1005. Therefore, the defendant's argument regarding the business records exception is not properly before this court for review.

The only issue properly before us is the defendant's argument that the trial court erred in admitting the recordings of the two calls the defendant made from jail because they were not properly authenticated. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. La. Code Evid. art. 901(A). One method of authenticating evidence is testimony by a witness with knowledge that the matter is what it is claimed to be. La. Code Evid. art. 901(B)(1). A trial court has great discretion in determining whether a sufficient foundation has been laid for the introduction of evidence. **State v. Ashford**, 2003-1691 (La. App. 4 Cir. 6/16/04), 878 So.2d 798, 806, writ denied, 2004-2015 (La. 1/7/05), 891 So.2d 667.

Relevant evidence is admissible at trial. La. Code Evid. art. 402. Relevant evidence is that which tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. Code Evid. art. 401. Relevant evidence may be excluded at trial if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. Code Evid. art. 403.

Based on a review of the evidence, we find that the trial court did not abuse its discretion in admitting the jail calls. It is not disputed that the calls were made from St. Tammany Parish Jail and that the defendant was in that jail at the time these calls were made and recorded. Considering the contents of each call as

compared to other evidence, it is reasonable to conclude that the calls were from the defendant.

Furthermore, after the calls were played, E.C. took the stand and confirmed that it was the defendant on the jail calls. E.C. testified that on the first call, the defendant was talking to Melissa, his wife and E.C.'s mother. In the second call, according to E.C., the defendant was talking to his sister, Katrina Hammond.

Finally, we find that the recordings were self-authenticating to the extent they established the defendant's identity and the obstruction of justice charge. In the first call, the defendant repeatedly mentions E.C.'s name and asks Melissa not to divorce him. The defendant also tells Melissa that they can talk freely because the defendant is using Alvin's number to make the call. The defendant tells Melissa to give Katrina the hard drive and tell Katrina to hide it. At one point, the defendant tells Melissa that he is not asking her to make a choice between him and E.C., but all he did was take photos, and Melissa had seen every picture he took. In the second call, the defendant identifies himself to Katrina as her brother. The defendant tells her he is using someone else's number so the call is "basically free and clear." Katrina calls the defendant "David." At one point, the defendant tells Katrina, "The hard drive. Hide it." When Katrina wondered out loud how the detectives did not find the hard drive at the defendant's residence, the defendant tells her he had it hidden outside in a trashcan, wrapped in plastic, and that it had been sitting outside for four months.

Accordingly, the content of the two calls, in light of the other evidence, established that they were what they were represented to be - calls made by the defendant from jail, seeking to have others assist him with tampering with evidence.

This assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 3

In his third assignment of error, the defendant argues his sentences are excessive.

The defendant herein specifically attacks his sentences on counts 1 and 2 for being excessive and consecutive. Because the convictions and sentences for counts 1 and 2 have been set aside, this assignment of error is rendered moot.

**CONVICTIONS AND SENTENCES FOR COUNTS 11, 12, 21, AND 28 AFFIRMED; CONVICTIONS AND SENTENCES FOR COUNTS 1 THROUGH 10, COUNTS 13 THROUGH 20, AND COUNTS 22 THROUGH 27 SET ASIDE; REMANDED FOR NEW TRIAL.**