## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

*JEW*

2019 KA 1610

STATE OF LOUISIANA

VERSUS

RYAN HARRIS

JUDGMENT RENDERED: **SEP 0 3 2020**

* * * * * *

Appealed from the
Seventeenth Judicial District Court
In and for the Parish of Lafourche • State of Louisiana
Docket Number 551289 • Division "C"

The Honorable Jerome J. Barbera, Judge Presiding

* * * * * * *

Mary Constance Hanes
*Louisiana Appellate Project*
New Orleans, Louisiana

ATTORNEY FOR APPELLANT,
DEFENDANT—Ryan Harris


Kristine Russell
*District Attorney*
Thibodaux Louisiana

ATTORNEYS FOR APPELLEE,
State of Louisiana

Joseph S. Soignet
Jason Chatagnier
*Assistant District Attorneys*
Thibodaux, Louisiana

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND HOLDRIDGE, JJ.

*P Mc dby JEW*
*Mc Clendon J. concurs in result*

*Holdridge J. concurs in result for reasons assigned*

**WELCH, J.**

The State of Louisiana charged the defendant, Ryan Harris, by bill of information with unlawful use or possession of body armor, a violation of La. R.S. 14:95.3 (count one); attempted second degree murder, a violation of La. R.S. 14:30.1 and La. R.S. 14:27 (count two); illegal possession of stolen firearms, a violation of La. R.S. 14:69.1 (count three); and illegal carrying of a firearm at a parade with any firearm used in the commission of a crime of violence, a violation of La. R.S. 14:95.2.1 (count four). The defendant pled not guilty on all counts. After a trial by jury, the jury found the defendant guilty as charged on all counts. The trial court denied the defendant's motion for post-verdict judgment of acquittal and motion for new trial. The trial court sentenced the defendant to two years imprisonment at hard labor on count one; ten years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on count two; three years imprisonment at hard labor on count three; and one year imprisonment at hard labor on count four. The trial court ordered that the defendant's sentences on counts one, two, and three run concurrent with each other, and that the defendant's sentence on count four run consecutive to the other sentences. The defendant now appeals, assigning error to the admission of hearsay testimony and to the constitutionality of his conviction on count one by a non-unanimous jury verdict. For the following reasons, we vacate the defendant's conviction and sentence on count one, and we affirm the defendant's convictions and sentences on counts two, three, and four.

## STATEMENT OF FACTS

On January 31, 2016, Corporal Dustin Roberts, a canine officer with the Thibodaux Police Department (TPD), was on duty at a parade in Thibodaux, stationed at the intersection of Canal Boulevard and Jackson Street. At approximately 2:50 p.m., Corporal Roberts ran south to an area from which he

heard multiple gunshots (estimated at four or five) as they were being fired. Corporal Roberts arrived at an area on Canal Boulevard where a large crowd was scattering with many people running in different directions. Corporal Roberts proceeded to the center of the area from which the crowd was spreading and observed a black male, later identified as Quincey Johnson, lying on the ground armed with a gun. Corporal Roberts, whose gun was already drawn, instructed Johnson to drop his gun. At that point, Johnson rolled over, placing the gun underneath his chest. Corporal Roberts then crossed a barricade to handcuff Johnson and discovered that Johnson was having difficulty breathing. As Corporal Roberts turned Johnson over, he saw the handgun that Johnson was initially holding, along with another handgun that was also located underneath Johnson. Deputy Donald Aubrey of the Assumption Parish Sheriff's Office (APSO), who also heard the gunshots and responded to the area, recovered the weapons as Corporal Roberts secured Johnson.

After the weapons were recovered, Deputy Roberts removed the handcuffs, as Johnson was still having trouble breathing and needed medical attention. As other officers arrived on the scene and began securing the area and collecting shell casings, Deputy Roberts observed that Johnson had a bullet wound to his chest, and Johnson was transported to a hospital. Deputy Roberts then responded to a dispatch for canine control of another crowd located further north on Canal Boulevard near Twelfth Street, where another wounded person, later identified as the defendant, was located.

Latoya Walker, a parade attendee who witnessed the shooting, testified at trial that she was standing near the barricade when she first noticed two males arguing. About ten minutes later, when the gunfire started, Walker saw the two men, one wearing a brown shirt and the other wearing a purple shirt, firing their guns at each other. Walker identified the male wearing the purple shirt as the

3

defendant. She indicated that the other male was right next to her as the defendant fired at him from the road, across from the barricade. At the time of trial, Walker stated that she did not recall who fired first, but estimated that about six gunshots were fired "back and forth."[1] She further testified that the male wearing the brown shirt fell to the ground after he was struck but was still firing at the defendant. Detective Corey Brooks of the TPD responded to the shooting and interviewed Walker. According to Detective Brooks, at that time, Walker recalled that the male wearing the purple shirt, the defendant, fired his gun first from his standpoint behind the barricade.

Captain Jamie Fontenot, of the TPD, was among the officers dispatched to the Twelfth Street and Canal Boulevard intersection just after the shooting. Upon his arrival, he saw the defendant lying in a grassy area with apparent gunshot wounds to his arm. As Captain Fontenot further testified at trial, the defendant was wearing a police-type, bulletproof vest at the time. When an ambulance arrived to transport the defendant to the hospital, Captain Fontenot and Detective Brooks removed the bulletproof vest, and Detective Brooks secured the vest as evidence.

As a result of the shooting, the defendant and Johnson were charged with multiple offenses. Prior to the defendant's trial, Johnson pled guilty to attempted second degree murder, possession of a firearm by a convicted felon, discharge of a firearm on a parade route, terrorizing, and possession of a stolen firearm. During a pretrial interview and again at trial, the defendant indicated that he knew Johnson before the shooting. Regarding his gun, the defendant testified that he found it before the shooting and that he was unaware of the fact that it had been stolen. As to why he kept the gun and was wearing a vest at the time of the shooting, the defendant stated that he had been "threatened by people" and needed to protect

---

[1] While Walker was initially asked how many shots the defendant fired and responded, "[i]t was about six times," she later clarified that approximately six gunshots were shot back and forth between the two shooters.

4

himself. The defendant identified Johnson as one of the people who threatened to kill him before the shooting. The defendant testified that on the day of the shooting, Johnson grabbed him and demanded, "where's my money?" He then claimed that Johnson fired first, shooting the defendant in the side. The defendant further stated that after being shot in the side, he fired back one gunshot at Johnson in self-defense and then dropped his gun, as Johnson shot him in the arm. The defendant claimed he was shot additional times as he fled.

### ASSIGNMENT OF ERROR ONE

The defendant argues that the trial court erred in allowing Detective Brooks to testify that Walker made a pretrial statement inconsistent with her trial testimony. He claims that at trial, Walker testified that she did not see who started shooting first. The defendant argues that the trial court erred in overruling his objection and ruling that the testimony was not hearsay because Walker testified at trial. He contends that the trial court's error was not harmless as the testimony at issue severely damaged his claim of self-defense. Arguing that it may have been a deliberate strategy, the defendant notes the State failed to question Walker regarding her prior statement but waited to elicit the statement from Detective Brooks. The defendant further argues that his constitutional right of confrontation was violated as he did not have the opportunity to cross-examine Walker concerning the inconsistent statement.

The Sixth Amendment to the United States Constitution guarantees an accused in a criminal prosecution the right to be confronted with the witnesses against him. The confrontation clause of the Louisiana Constitution specifically and expressly guarantees an accused the right "to confront and cross-examine the witnesses against him." La. Const. Art. I, § 16. Confrontation not only means the ability to confront the witnesses physically but also to secure for the defendant the opportunity of cross-examination, which is its main and essential purpose. Cross-

examination is the principal way to test the believability and truthfulness of the testimony, and it has traditionally been used to impeach or discredit the witness. **State v. Robinson**, 2001-0273 (La. 5/17/02), 817 So. 2d 1131, 1135; **State v. Mitchell**, 2016-0834 (La. App. 1st Cir. 9/21/17), 231 So. 3d 710, 723, writ denied, 2017-1890 (La. 8/31/18), 251 So. 3d 410.

Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La. C.E. art. 801(C). Hearsay evidence is not admissible except as otherwise provided by the Code of Evidence or other legislation. La. C.E. art. 802; **Mitchell**, 231 So. 3d at 724. Under certain circumstances, the testimony of a police officer may encompass information provided by another individual without constituting hearsay if offered to explain the course of a police investigation and the steps leading to the defendant's arrest. **State v. Young**, 99-1264 (La. App. 1st Cir. 3/31/00), 764 So. 2d 998, 1005.

Out-of-court statements that are testimonial are barred under the Confrontation Clause, unless the witness is unavailable to testify, and the defendant had a prior opportunity to cross-examine the witnesses. **Crawford v. Washington**, 541 U.S. 36, 68-69, 124 S. Ct. 1354, 1374, 158 L. Ed. 2d 177 (2004); **State v. Tsolainos**, 2007-2443 (La. App. 1st Cir. 10/10/08), 997 So. 2d 46, 48 (*per curiam*), writ denied, 2008-2653 (La. 10/9/09), 19 So. 3d 6. The **Crawford** court drew a distinction between testimonial and nontestimonial statements and confined its holding to testimonial evidence. **Crawford**, 541 U.S. at 61-68, 124 S. Ct. at 1370-74. Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and the primary purpose is to

6

establish or prove past events potentially relevant to later criminal prosecution. **Davis v. Washington**, 547 U.S. 813, 822, 126 S. Ct. 2266, 2273-74, 165 L. Ed. 2d 224 (2006); **State v. Hayes**, 2016-0441 (La. App. 1st Cir. 9/19/16), 204 So. 3d 201, 208, <u>writ denied</u> <u>sub nom.</u>, **State v. Hazes**, 2016-1886 (La. 9/6/17), 224 So. 3d 979.

As asserted by the State in its reply brief, we note at the outset that the defendant did not contemporaneously object to the testimony at issue. Specifically, the defendant objected when the State questioned Detective Brooks as follows: "Now, you had an opportunity to speak to Ms. Latoya Walker. She did testify today. Do you recall what she stated, who she saw wearing the purple shirt?" At that point, the defense objected on the grounds of hearsay. The trial court overruled the objection and allowed the detective to answer the question as follows: "Mr. Ryan Harris." Without objection, the State subsequently inquired as to when Walker made the statement, and Detective Brooks indicated it was made on the day of the shooting. The State then questioned Detective Brooks as to Walker's state of mind at the time. Detective Brooks explained that Walker was worried and scared because her child was with her at the time of the shooting. Again, there was no objection to the exchange. At that point, the following colloquy took place between the State and Detective Brooks:

Q.   And did she state who started shooting?
A.   Yes, sir.
Q.   And who did she indicated [sic] started shooting?
A.   Mr. Ryan Harris.
Q.   Did she indicate that he started shooting first?
A.   Yes, sir.

There was no objection during or after the above colloquy. Further, the defense did not indicate that the initial hearsay objection was continuing. Also, the defense's initial objection was on the basis of hearsay only, not on the grounds of a confrontation violation or admission of a prior inconsistent statement. Louisiana

7

Code of Criminal Procedure article 841 pertinently provides, "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." Accordingly, a contemporaneous objection is necessary to preserve an issue for appellate review. As such, the defendant has waived his right to raise the issues asserted in assignment of error number one on appeal. La. C.E. art. 103(A)(1); La. C.Cr.P. art. 841(A). See **Young**, 764 So. 2d at 1005 ("[t]he basis or ground for the objection must be sufficiently brought to the attention of the trial court to allow it the opportunity to make the proper ruling and prevent or cure any error."); **State v. Hatfield**, 2013-0813 (La. App. 4ᵗʰ Cir. 7/2/14), 155 So. 3d 572, 603, writ denied, 2014-1648 (La. 3/27/15), 162 So. 3d 383 (wherein the appellate court held that the defendant's objection to testimony as hearsay did not preserve his right to appellate review of the same testimony on confrontation grounds).[2]

Moreover, we note that Walker did testify at trial and was subject to cross-examination. At trial, Walker was asked whether she could remember who fired the first shot, and she responded that she did not recall. Walker did not testify that she did not know or see who shot first, or that it was not the defendant who fired first. Instead, she specifically testified that she could not at that time recall who fired first. During cross-examination, Walker was asked, "you don't really know who shot first?" Walker responded, "[n]o, sir." Thus, her prior statement was not inconsistent with her trial testimony.

In **United States v. Owens**, 484 U.S. 554, 108 S. Ct. 838, 98 L. Ed. 2d 951 (1988), the Supreme Court addressed the issue of whether a Confrontation Clause violation can be based upon a witness' loss of memory. In **Owens**, a correctional counselor sustained severe memory impairment after being beaten with a metal

---

[2] We note that in its written reasons for denying the defendant's motion for new trial, the trial court touched on the testimony at issue in this assignment of error. While we find that the defendant is procedurally barred from asserting the arguments raised in this assignment of error, as he did not contemporaneously object to the testimony at trial, this court will address the merits of the defendant's arguments out of an abundance of caution.

pipe. When he was first interviewed in the hospital by the FBI, he could not recall his attacker. A few weeks later, he was able to describe the attack and identify his attacker. At trial, the counselor testified he remembered identifying his attacker in the second interview in a photographic lineup; however, on cross-examination, he admitted he could not remember seeing his assailant. He further could not remember if anyone in the hospital had suggested the identity of his attacker to him despite defense counsel's attempt to refresh the counselor's memory with hospital records, which showed he had attributed the assault to someone other than the defendant. **Owens**, 484 U.S. at 556, 108 S. Ct. at 840-41.

In finding no Confrontation Clause violation, the Supreme Court explained that "[T]he Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination, not examination that is effective in whatever way, and to whatever extent, the defense might wish.'" **Owens**, 484 U.S. at 559, 108 S. Ct. at 842 (emphasis as in original; internal citations omitted). The Supreme Court specifically held that the Confrontation Clause is not violated by the admission of a statement of a witness, who is unable because of a memory loss, to testify concerning the basis for the statement. **Id.** at 564, 108 S. Ct. at 845.

Many years later, in **Crawford**, the Supreme Court held that the Confrontation Clause requires that testimonial statements can only be admitted as evidence at a criminal trial when the declarant is unavailable to testify and the defendant has had a prior opportunity to cross-examine the declarant. In footnote nine of its opinion, the Supreme Court stated that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." **Crawford**, 541 U.S. at 59 n.9, 124 S. Ct. at 1369 n.9. It further stated, "[t]he Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." **Id.**

Based on **Owens** and **Crawford**, a declarant's appearance and subjection to

cross-examination at trial are all that is necessary to satisfy the Confrontation Clause, even if the declarant suffers from memory loss. See State v. Gorman, 854 A.2d 1164, 1178 (Me. 2004), cert. denied, 544 U.S. 928, 125 S. Ct. 1663, 161 L. Ed. 2d 490 (2005) (admission of the witness' grand jury testimony did not violate Confrontation Clause when the witness had selective memory during trial; court found right to confrontation was satisfied when the defendant was given the opportunity to cross-examine the witness before the jury). Accordingly, we find the admission of Detective Brooks' testimony regarding Walker's statement did not violate the defendant's right to confrontation. Walker appeared at trial, was sworn in, and answered questions posed to her. We find that under these circumstances, the defendant was afforded an adequate opportunity to cross-examine Walker sufficient to satisfy the requirements of the Confrontation Clause. Moreover, the statement in question was made in the course of a police investigation. According to the officers, at the time of the statement, Walker was visibly shaken and afraid. The questions posed by Detective Brooks were necessary to evaluate the situation under investigation at the time.[3] Thus, we find that the statement at issue was nontestimonial in nature and, therefore, was not precluded by **Crawford's** Confrontation Clause analysis. Considering the foregoing, assignment of error number one lacks merit.

### ASSIGNMENT OF ERROR TWO

The defendant argues his conviction on count one (unlawful use or possession of body armor) by less than a unanimous jury verdict, as provided for by La. C.Cr.P. art. 782(A), violated his rights under the Sixth and Fourteenth

---

[3] We further note that, arguably, Detective Brooks' testimony regarding Walker's statement was not hearsay because it was not offered to prove the truth of the matter asserted. See La. C.E. art. 801(C). Detective Brooks was merely setting out how, during his investigation, each bit of information led to new information, which led finally to all evidence implicating the defendant. Such testimony of a police officer is admitted not to prove the truth of the out-of-court statements, but to explain the sequence of events leading to the arrest of the defendant from the viewpoint of the investigating officer. See **Mitchell**, 231 So. 3d at 726.

Amendments of the United States Constitution. In its appellee brief, the State notes that the defendant did not object to the verdict on count one nor did he challenge the constitutionality of the verdict on count one in the trial court below.

The general rule is a party must properly raise constitutional attacks in the trial court, but a recognized exception to that rule is when a statute has been declared unconstitutional in another case. **Unwired Telecom Corp. v. Parish of Calcasieu**, 2003-0732 (La. 1/19/05), 903 So. 2d 392, 399 n. 5 (on rehearing); **Spooner v. E. Baton Rouge Par. Sheriff Dep't**, 2001-2663 (La. App. 1st Cir. 11/8/02), 835 So. 2d 709, 711; and **State v. Smith**, 2009-100 (La. App. 5th Cir. 8/25/09), 20 So. 3d 501, 505, writ denied, 2009-2102 (La. 4/5/10), 31 So. 3d 357. In the recent decision of **Ramos v. Louisiana**, __ U.S. __, 140 S. Ct. 1390, 1397, 206 L. Ed. 2d 583 (2020), the United States Supreme Court overruled **Apodaca v. Oregon**, 406 U.S. 404, 92 S. Ct. 1628, 32 L. Ed. 2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. Thus, as the **Ramos** Court declared non-unanimous jury verdicts unconstitutional, the defendant may raise in this appeal a challenge to his conviction by a non-unanimous jury verdict rendered pursuant to La. C.Cr.P. art. 782(A).

The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S. Ct. at 1406. In the instant case, a polling of the jurors indicated that the defendant was convicted on count one by a vote of eleven to one, and that the jury verdicts on counts two, three, and four were unanimous. Accordingly, as the verdict was non-unanimous as to count one, we must vacate the conviction and sentence on count one and remand to the trial court for further

11

proceedings not inconsistent with the opinion and mandate of the Supreme Court of the United States. Thus, we find merit in assignment of error number two.

**DECREE**

Based on the foregoing, we affirm the defendant's convictions and sentences on counts two, three, and four. We vacate the defendant's conviction and sentence on count one and remand to the trial court for further proceedings not inconsistent with the opinion and mandate of the United States Supreme Court.

**CONVICTIONS AND SENTENCES ON COUNTS TWO, THREE, AND FOUR AFFIRMED; CONVICTION AND SENTENCE ON COUNT ONE VACATED; REMANDED.**

STATE OF LOUISIANA

VERSUS

RYAN HARRIS

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 KA 1610

 **HOLDRIDGE, J., concurring in the result.**

I will concur in the result. I agree with the majority that the testimony of Detective Brooks about a pretrial statement made by the witness, Latoya Walker, is admissible because the defendant failed to make a contemporaneous objection to the testimony. However, I disagree with the dicta that the testimony was admissible even if a contemporaneous objection had been made. Clearly, the testimony of Detective Brooks about previous statements made by Ms. Walker were hearsay and in violation of the confrontation clause as held by the United States Supreme Court in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).