# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2018 KA 1300R

## STATE OF LOUISIANA

### VERSUS

## JONATHAN DAVID TALLEY

**Judgment Rendered:** SEP 1 4 2020

\* \* \* \* \* \*

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana

Docket No. 579741

Honorable Scott Gardner, Judge Presiding

\* \* \* \* \* \*

Warren LeDoux Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Michelle Ward Ghetti
Louisiana Department of Justice
Baton Rouge, Louisiana

Sherry Watters
Louisiana Appellate Project
New Orleans, Louisiana

Counsel for Appellee
State of Louisiana

Counsel for Defendant/Appellant
Jonathan David Talley

\* \* \* \* \* \*

**BEFORE: WHIPPLE, C.J., McCLENDON, AND HIGGINBOTHAM, JJ.**

**McCLENDON, J.**

The defendant, Jonathan David Talley, was charged by grand jury indictment with second degree murder in violation of LSA-R.S. 14:30.1 (count one), second degree kidnapping in violation of LSA-R.S. 14:44.1 (count two), and possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1 (count three). The defendant pled not guilty on each count. After a trial by jury, the defendant was found guilty as charged on all counts. The trial court denied the defendant's motion for post-verdict judgment of acquittal and motion for new trial. The defendant was sentenced to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on count one; to forty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on count two; and to twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence and a $1,000.00 fine on count three. The trial court ordered that the sentences be served consecutively.

The defendant appealed to this court, assigning error to the sufficiency of the evidence on counts one and two and the constitutionality of the sentences on counts two and three. Additionally, he argued in a supplemental brief that the non-unanimous verdicts on counts one and two do not support the convictions or satisfy due process. This court affirmed the convictions and sentences. **State v. Talley**, 2018-1300 (La.App. 1 Cir. 5/9/19), 277 So.3d 397. Subsequently, the Louisiana Supreme Court granted the defendant's petition for a writ of certiorari and remanded the case to this court "for further proceedings and to conduct a new error patent review in light of **Ramos v. Louisiana**, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020)." **State v. Talley**, 2019-00819 (La. 6/3/20), 296 So.3d 1019.[1] After remand, the defendant filed a brief supplementing his argument, raised in his original appeal, that the non-unanimous jury verdicts do not support conviction. For the following reasons, we set aside the convictions and sentences on counts one and two.

---

[1] The Louisiana Supreme Court further stated, "If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review." *See* LSA-C.Cr.P. art. 920(2). **Talley**, 296 So.3d 1019.

2

## NON-UNANIMOUS JURY VERDICTS ON COUNTS ONE AND TWO[2]

On remand, this court has reviewed the record pursuant to LSA-C.Cr.P. art. 920(2). Pursuant to LSA-C.Cr.P. art. 920(2), this court shall consider "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." The jury's verdict is part of the pleadings and proceedings that this court must review for errors. **State v. Keys**, 328 So.2d 154, 157 (La. 1976); **State v. Anderson**, 2017-0927 (La.App. 1 Cir. 4/6/18), 248 So.3d 415, 419, writ denied, 2018-0738 (La. 3/6/19), 266 So.3d 901. Moreover, as noted above, in his original appeal the defendant assigned error to the non-unanimous jury verdicts on counts one and two.[3] Accordingly, we will address the defendant's convictions by non-unanimous jury verdicts as follows.

In the recent decision of **Ramos**, 140 S.Ct. at 1397, the United States Supreme Court abrogated **Apodaca v. Oregon**,[4] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. Thus, the **Ramos** Court declared non-unanimous jury verdicts unconstitutional. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by nonunanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406.

---

[2] For a recitation of the facts of this case, please see this court's previous opinion on original appellate review. **Talley**, 277 So.3d at 401.

[3] We note the defendant, in his supplemental brief filed post-remand, in part states that he does not concede that the "jury verdict issue" was not preserved below for appeal, citing his post-trial motions for post-verdict judgment of acquittal and a new trial. A constitutional challenge must "particularize the grounds outlining the basis of the unconstitutionality." **State v. Hatton**, 2007-2377 (La. 7/1/08), 985 So.2d 709, 720. Though he now argues otherwise, the defendant's post-trial motions only challenge the sufficiency of the evidence as a basis of unconstitutionality and do not raise the non-unanimity of the verdicts or challenge the constitutionality of La. Const. art. I, § 17(A) and LSA-C.Cr.P. art. 782(A). The record supports this court's prior finding that the defendant's constitutional challenge was not raised in the trial court and, thus, was not properly before this court at the time of his original appeal. Nonetheless, one well-recognized exception to that rule, now applicable on remand, is when the statute has been declared unconstitutional in another case. **Unwired Telecom Corp. v. Parish of Calcasieu**, 2003-0732 (La. 1/19/05), 903 So.2d 392, 399 n.5 (on rehearing); **Spooner v. E. Baton Rouge Par. Sheriff Dep't**, 2001-2663 (La.App. 1 Cir. 11/8/02), 835 So.2d 709, 711; and **State v. Smith**, 2009-100 (La.App. 5 Cir. 8/25/09), 20 So.3d 501, 505-506, writ denied, 2009-2102 (La. 4/5/10), 31 So.3d 357.

[4] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

Herein, the written polling[5] of the jury shows that the verdict of guilty as charged on count three, possession of a firearm by a convicted felon, was unanimous. However, on counts one and two, second degree murder and second degree kidnapping, eleven of the twelve jurors found the defendant guilty as charged. Accordingly, the convictions and sentences on counts one and two must be vacated, and this case is remanded to the district court for proceedings consistent with this opinion.

**CONVICTION AND SENTENCE VACATED AS TO COUNTS 1 AND 2; REMANDED.**

---

[5] We note that written polling slips recording the verdict of the jurors, are properly reviewable under LSA-C.Cr.P. art. 920(2). In **State v. Kelly**, 2015-0484 (La. 6/29/16), 195 So.3d 449, 456 (quoting **State v. Wrestle, Inc.**, 360 So.2d 831, 837 (La. 1978), rev'd in part on other grounds, **Burch v. State of Louisiana**, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979)), the supreme court set forth what can be reviewed on error patent review, explaining that "only [...] the pleadings and proceedings alone considered part of the record for purposes of patent-error appellate review in general, the indictment or information, the minutes, and the **verdict** and sentence." (Emphasis added.) See also **State v. Bradford**, 298 So.2d 781, 785 (La. 1974) (wherein, citing LSA-C.Cr.P. art. 920(2), the court stated, "[o]ur review of the record establishes that the jury was polled concerning the verdicts, thus the basis of defendants' contention is discoverable by a mere inspection of the pleadings and proceedings and is properly subject to review.").

4