NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0392

STATE OF LOUISIANA

VERSUS

SEDRICK HILLS

*Judgment Rendered:*     NOV 1 2 2020

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 11-14-0792

The Honorable Anthony J. Marabella, Jr., Judge Presiding

* * * * * * * *

| | |
|---|---|
| Robert W. Tucker, Sr.<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>Sedrick Hills |
| Hillar C. Moore, III<br>District Attorney<br>Dylan C. Alge<br>Assistant District Attorney<br>Sonya Cardia-Porter<br>Assistant District Attorney<br>Baton Rouge, Louisiana | Counsel for Appellee<br>State of Louisiana |

* * * * * * * *

BEFORE: HIGGINBOTHAM, THERIOT, AND WOLFE, JJ.

**THERIOT, J.**

The defendant, Sedrick Hills, was charged by bill of information with aggravated incest (redesignated as aggravated crimes against nature under La. R.S. 14:89.1), a violation of La. R.S. 14:78.1 (count 1); and forcible rape (redesignated as second degree rape), a violation of La. R.S. 14:42.1 (count 2). The defendant pled not guilty. Following a jury trial, he was found guilty as charged on count 1 by a ten-to-two verdict. He was found guilty as charged on count 2 by an eleven-to-one verdict. On count 1, the defendant was sentenced to twelve years imprisonment at hard labor; on count 2, he was sentenced to twelve years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The sentences were ordered to run concurrently. The defendant's convictions and sentences on both counts are set aside, and we remand to the trial court for a new trial.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues that the non-unanimous jury verdicts violated his Sixth Amendment right to a jury trial, which requires a unanimous verdict for serious offenses.

## DISCUSSION

We note that the defendant did not object to the verdicts or challenge the constitutionality of the verdicts in the trial court below. The general rule is a party must properly raise constitutional attacks in the trial court, but a recognized exception to that rule is when a statute has been declared unconstitutional in another case. See **Unwired Telecom Corp. v. Parish of Calcasieu**, 2003-0732 (La. 1/19/05), 903 So.2d 392, 399 n.5; **Spooner v. East Baton Rouge Parish Sheriff Dep't**, 2001-2663 (La. App. 1st Cir. 11/8/02), 835 So.2d 709, 711; and **State v. Smith**, 2009-100 (La. App. 5th Cir. 8/25/09), 20 So.3d 501, 505-06, writ denied, 2009-2102 (La. 4/5/10), 31 So.3d 357.

2

In the recent decision of **Ramos v. Louisiana**, __ U.S. __, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court overruled **Apodaca v. Oregon**,[1] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the states by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406. Thus, given the **Ramos** Court's declaration of the unconstitutionality of non-unanimous jury verdicts, the defendant may challenge for the first time on appeal his conviction by a non-unanimous jury verdict rendered pursuant to La. Code Crim. P. art. 782(A).[2]

In the instant matter, the minutes and jury polling indicate the defendant was convicted by non-unanimous verdicts on both counts. Accordingly, the defendant's convictions and sentences on both counts are set aside, and the case is remanded for a new trial.

**CONVICTIONS AND SENTENCES SET ASIDE ON BOTH COUNTS; REMAND FOR A NEW TRIAL.**

---

[1] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.

[2] We note that this court automatically reviews the record for patent errors under La. Code Crim. P. art. 920, including non-unanimous jury claims not preserved in the trial court below. See **State v. Garner**, 2019-01910 (La. 6/3/20), 296 So.3d 1032 (per curiam). The minutes contain the non-unanimous jury verdict.