STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0425

STATE OF LOUISIANA

VERSUS

JARIS HOWARD

Judgment Rendered: **DEC 2 2 2020**

* * * * *

On Appeal from the
23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 33,217

Honorable Alvin Turner Jr., Judge Presiding

* * * * *

Ricky L. Babin
District Attorney
Donaldsonville, LA

Attorneys for Appellee,
State of Louisiana

Donald D. Candell
Lindsey D. Manda
Shawn R. Bush
Kenneth J. Dupaty
Assistant District Attorneys
Gonzales, LA

Katherine M. Franks
Louisiana Appellate Project
Madisonville, LA

Attorney for Defendant-Appellant,
Jaris Howard

* * * * *

BEFORE: McDONALD, HIGGINBOTHAM, AND PENZATO, JJ.

**HIGGINBOTHAM, J.**

The defendant, Jaris Howard, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1, and pled not guilty.[1] After a trial, the defendant was found guilty by a non-unanimous jury of the responsive offense of manslaughter, a violation of La. R.S. 14:31. The trial court sentenced the defendant to forty years imprisonment at hard labor. The defendant now appeals, alleging in his sole assignment of error that the trial court erred in accepting the non-unanimous, unconstitutional verdict as legal.

Initially, we note that the defendant did not object to the verdict, nor did he challenge the constitutionality of the verdict in the trial court below. However, the Louisiana Supreme Court recently mandated that in cases where "the non-unanimous jury claim was not preserved for review in the trial court …, the court of appeal should nonetheless consider the issue as part of its error patent review." **State v. Cagler**, 2018-02015 (La. 6/3/20), 296 So.3d 1017, 1018. (per curiam). Pursuant to La. Code Crim. P. art. 920(2), in conducting a patent error review, this court shall consider "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."

In the recent decision of **Ramos v. Louisiana**, 590 U.S. ___, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court overruled **Apodaca v. Oregon**,[2] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution,

---

[1] The indictment also charged the defendant with being a convicted felon in possession of a firearm or carrying a concealed weapon, a violation of La. R.S. 14:95.1, on count two. However, the record reflects that ultimately the jury was instructed to reach a verdict only on count one, the second-degree murder charge in this case. During the pendency of this appeal, this court contacted the district court Clerk of Court's office regarding the disposition of count two. In response, the deputy clerk of court informed this court that after a complete examination of their records and conferring with the assistant district attorney who prosecuted this case, the clerk of court certifies that there is no disposition of count two.

[2] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

2

incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406.

In the instant case, the minutes and the written polling of the jury reveal that ten of the twelve jurors concurred to render the verdict. The non-unanimous jury verdict rendered in this case constitutes error patent on the face of the record. Accordingly, the defendant's conviction and sentence are vacated, and this case is remanded to the district court. [3]

## CONVICTION AND SENTENCE VACATED; REMANDED.

---

[3] We note that the State filed a brief in this matter in which it acknowledged that the defendant is on direct appeal of a non-unanimous jury verdict but points out that the issue was not preserved below. Citing Justice Alito's concurrence in **Sheppard v. Louisiana**, ___ U.S. ___, 140 S.Ct. 2712, 206 L.Ed.2d 850 (2020), the State asserts that this court is mandated to remand the case to the trial court to determine the issue of preservation. However, as noted above, for cases pending on direct review when **Ramos** was decided, the Louisiana Supreme Court has mandated that appellate courts consider the constitutionality of the verdict on patent error review, whether or not the issue was preserved in the trial court. **Cagler**, 296 So.3d at 1018; **State v. Curry**, 2019-01723 (La. 6/3/20), 296 So.3d 1030 (per curiam). Further, in **Sheppard**, consistent with the Louisiana Supreme Court, the United States Supreme Court remanded the case to this appellate court for further consideration in light of **Ramos**. Finally, we note that a well-recognized exception to the rule requiring preservation in the trial court, applicable in this case as discussed herein, is when a statute has been declared unconstitutional in another case. **Unwired Telecom Corp. v. Parish of Calcasieu**, 2003-0732 (La. 1/19/05), 903 So.2d 392, 399 n.5 (on rehearing); **Spooner v. E. Baton Rouge Par. Sheriff Dep't**, 2001-2663 (La. App. 1st Cir. 11/8/02), 835 So.2d 709, 711; and **State v. Smith**, 2009-100 (La. App. 5th Cir. 8/25/09), 20 So.3d 501, 505, writ denied, 2009-2102 (La. 4/5/10), 31 So.3d 357. In accordance with the above, there is no need or mandate that this court remand this case to the trial court to determine the issue of preservation prior to this court deciding the constitutionality of the defendant's conviction in light of **Ramos**.

3